L. A. STEWART *et al.* v. I. V. KENDRICK AND D. E. HEDGE-PETH, *partners doing business under the firm name and style of Kendrick & Hedgepeth.*

(Filed June 6, 1903.)

**APPEAL FROM PROBATE COURT—Motion for New Trial and Time for Appeal.** On an appeal from the probate court to the district court, no motion for a new trial is necessary to protect the appellant's rights, and consequently such a motion cannot extend the time within which the appeal may be taken, which must be within ten days from the date of the judgment complained of.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before James K. Beauchamp, Trial Judge.*

*Mackey & Simons,* for plaintiffs in error.

*W. S. Denton,* for defendants in error.

### STATEMENT OF FACTS.

This action was commenced in the probate court of Garfield county, on February 26, 1901, wherein the defendants in error brought suit to recover judgment against the plaintiffs in error for the sum of $200. Issue was joined in the case, and on the 12th day of July, 1901, the cause came on for trial before said court without a jury, the trial resulting in a judgment in favor of the plaintiffs for the sum of $200. On the same day, (July 12), defendants filed in said court their motion for a new trial. Thereafter (at what time does

not appear) by an order of said court the hearing of the motion for a new trial was continued to the September term of said court. At the September term, and on the 24th day of said month, the said motion came on for hearing before the said court, both parties appearing by their respective counsel, and after a full hearing thereon the court overruled the motion. Within ten days thereafter, to-wit: October 2, defendants filed their appeal bond witn the said probate court, and the cause was by said court transferred to the district court.

On December 30, 1901, the plaintiffs in this action, (now defendants in error) filed in the district court their motion to dismiss the appeal, which motion reads as follows:

"Comes now the plaintiffs and move the court to dismiss the appeal herein for the reason that said appeal was not taken within the time prescribed by law for taking appeals from the probate court to the district court, said judgment in the probate court having been rendered on the 12th day of July, 1901, and the appeal bond filed on the 2nd day of October, 1901.   *   *   *."

On August 4, 1902, the motion to dismiss the appeal came on for hearing in the district court; and, after argument, was sustained, and the appeal dismissed. From the order and judgment of the district court dismissing the appeal, the case comes to this court on error. Affirmed.

Opinion of the court by

GILLETTE, J.: Was the appeal from the probate court to the district court taken in time? is the sole question presented to this court, and from the foregoing statement of the

facts it is manifest that this must depend upon the significance of the motion for a new trial made in the probate court.

Section 1566 of the Statutes of Oklahoma provides:

"Appeals from the final judgment of said probate courts shall be allowed and taken to the supreme court of this territory in the same manner as from the district court and with like effect, when only questions of law are involved in the appeal. If the questions of fact are to be retried in the appellate court the appeals shall be taken to the district court of the county in manner and form as appeals are taken from the judgments of justices of the peace."

In this case an appeal was taken to the district court where the questions of fact involved were to be retried, and for this purpose such appeal could only be taken in the manner and form as appeals are taken from judgments of justices of the peace.

The statute governing appeals from justices of the peace provides as follows:

"The party appealing shall within ten days from the rendition of judgment, enter into an undertaking to the adverse party with at least one good and sufficient surety to be approved by such justice in a sum not less than $50 in any case, nor less than double the amount of the judgment and costs, conditioned: First, that the appellant will prosecute the appeal to effect and without unnecessary delay; and second, that if judgment be rendered against him on the appeal, he will satisfy such judgment and costs, etc."

This statute was attempted to be complied with in this case by giving a sufficient bond for the purpose of such appeal, October 2, 1901, almost three months after the date of the

rendition of the judgment complained of, and was therefore not within ten days, as required by the above quoted statute.

It is contended, however, that the provisions of said statute limiting the right of appeal to a period of ten days from the date of the rendition of judgment complained of did not commence to run until the 24th day of September, 1901, because of the pendency in the probate court of a motion for a new trial, determined on that day. We cannot agree with this contention. The motion for a new trial had no office to perform in the matter of this appeal. It was a proper and in most instances a necessary step to take where an appeal is desired from the probate court to the supreme court, as such a motion raises and presents questions of law to be determined by the supreme court, but it adds nothing whatever to the record, and presents a determination of no right necessary to be determined in a matter of appeal for trial *de novo* in the district court. This being true, the time limited for appeals to the district court commenced to run on the date of the rendition of the judgment complained of, to-wit: the 12th day of July, 1901, and expired on the 22nd day of July, following.

The motion for a new trial is wholly superfluous, and protects no right of the appellant where the appeal is taken to the district court.

It follows, therefore, that the order of the district court of Garfield county dismissing the appeal must be affirmed, with costs.

Beauchamp, J., who tried the case in the probate court, not sitting; all the other Justices concurring.