## SCHOOL DIST. NO. 16 v. BARNES.

No. 3618.   Opinion Filed August 18, 1914.

Rehearing Denied December 22, 1914.

(144 Pac. 1046.)

**SCHOOLS AND SCHOOL DISTRICTS—Teacher's Contract—Validity.** Where a board of school directors and a teacher enter into a contract whereby the teacher agrees to teach a school for a term of months at a stipulated price, and such agreement is reduced to writing and signed by the teacher and by all the members of the school board, it is not necessary, in order to render such contract valid and binding between the parties, that all the members of the school board should sign same at the same time and place.

(Syllabus by Harrison, C.)

*Error from County Court, Haskell County;*

*A. L. Beckett, Judge.*

Action by C. K. Barnes against School District No. 16. Judgment for plaintiff and defendant district brings error. Affirmed.

*Fred Fannin,* for plaintiff in error.

*J. F. Lawrence,* for defendant in error.

Opinion by HARRISON, C.   This was an action begun by C. K. Barnes, a woman teacher, against school district No. 16, for the sum of $180 damages alleged to have been sustained by reason of a breach on the part of the school board of such district of said contract.   The admitted facts are:   That she entered into a written contract with the school board to teach a term of nine months at $60 per month.   At the end of six months, she alleges, she was discharged without just cause by the school board, who refused to pay her, or to retain her as teacher for the remaining three months under the contract.   The court gave judgment in her favor for the sum of $180, the same being three months' salary at $60 per month.   From such judgment, the school district appeals to this court.

There are two propositions involved which, considered to-
gether, are decisive of the case: First, the question of law as
to whether the contract was valid; second, the issue of fact as
to whether the contract was mutually rescinded, or whether
she was discharged without cause.

The contract in question is set out in the record, and, from
an examination of same, we think the court was correct in hold-
ing it to be valid and binding upon the parties. This is especial-
ly true under the pleadings. The defendant's answer is as fol-
lows:

"First, that it denies each and every material allegation set
out in plaintiff's petition not hereinafter specially admitted; sec-
ond, that it denies that it is indebted to plaintiff in the sum of
$180, or any other sum; third, it admits the execution of the con-
tract set out, but says that said contract was, at the time alleged
to have been broken by the plaintiff, voluntarily abandoned by
the parties thereto—voluntarily and mutually rescinded."

This answer has the effect of admitting the validity of the
contract, but of denying any liability for a breach thereof, on
the ground that it was mutually and voluntarily abandoned by
both parties. It is contended, however, in plaintiff in error's
brief, that the contract in question was not signed by the mem-
bers of the board, as required by law, in that all parties were
not present when the same was executed, and that the members
of the board did not all attach their names thereto at the same
time, and some testimony was offered in support of this con-
tention which was rejected by the court, and inasmuch as the
district in its answer admitted the execution of the contract, and
inasmuch as such contract discloses no irregularities, but ap-
pears to be regular and valid on its face, we think the testimony
tending to show that the contract was signed by the different
members of the board at different times and places was proper-
ly rejected by the court. If the board had met in regular ses-
sion and verbally agreed with the teacher to employ her for a
term of nine months at $60 per month, and reduced such agree-
ment to writing, it is immaterial, so far as the effect thereof is

concerned, whether all parties signed such written agreement at the same time and place or not. The actual agreement between the parties was the meeting of the minds of the teacher as one party and the board, acting for the district, as the other, as to the length of the school term and the amount per month to be paid, and as to other conditions agreed upon. That such was the case is not denied. Hence it is immaterial whether all parties to such contract or all the members of the board attached their names to the written memorandum of such agreement at the same time or not.

On the issue of fact as to whether the contract was mutually and voluntarily abandoned by both parties thereto, or whether the teacher was discharged without cause by the arbitrary action of the school board, there was absolutely an issue of fact to be determined by the court. The testimony in reference to such issue was decidedly conflicting, but the trial court heard such testimony and weighed its credibility, and, were we so disposed, we would not feel authorized to say that the court erred in its judgment of the weight of the testimony. The doctrine that a verdict upon conflicting testimony will not be disturbed, where such verdict is reasonably supported by the evidence, and the further rule that the judgment of a trial court upon conflicting testimony should be given the same effect as the verdict of a jury, has been so often repeated by this court and should be so well known by the bar of our state as to need no citation of authorities.

We believe that the issues of law and of fact, as presented by the pleadings, were correctly decided by the trial court, and that the judgment should be affirmed.

By the Court: It is so ordered.