SCHOOL DIST. NO. 18 OF CREEK COUNTY v. FERGUSON

No. 4027.   Opinion Filed February 23, 1915.

(146 Pac. 711.)

1. SCHOOLS AND SCHOOL DISTRICTS—Discharge of Teacher—Review by Courts—Action for Salary—Submission of Issues. In an action for salary under a contract to teach a term of school, made in conformity with section 8111, Comp. Laws 1909 (section 7824, Rev. Laws 1910), for a portion of such term which she was wrongfully prevented from teaching by being arbitrarily and wrongfully discharged by the school board and county superintendent, the action of the board and superintendent is subject to review by the courts; and the existence of the ground upon which she was discharged is an issue of fact which either party has a right to have submitted to a jury.

2. SCHOOLS AND SCHOOL DISTRICTS—Teacher—Wrongful Discharge—Right to Salary. In the absence of some exceptional defense, a school-teacher arbitrarily and wrongfully discharged, and thereby prevented from teaching the full term of such school, may, in an ordinary action, recover full salary for that portion of such term which she was prevented from teaching.

(Syllabus by the Court.)

*Error from County Court, Creek County;*

*Warran H. Brown, Judge.*

Action by Carrie Ferguson against School District No. 18 of Creek county. Judgment for plaintiff, and defendant brings error. Affirmed.

*W. G. Fairchild,* for plaintiff in error.

*Burt & Shaha,* for defendant in error.

BROWN, J.   As gathered from the briefs of both parties, it appears that this action was brought by Carrie Ferguson, *nee*

Hawkins, against school district No. 18 of Creek county, to recover damages from said school district for the wrongful discharge of plaintiff below, who had been employed to teach a nine months' school in said district.

Plaintiff below alleges that on the 10th day of August, 1910, she entered into a written contract with the defendant school district, wherein she was to teach a nine months' school in the district, for which she was to be paid at the rate of $75 per moneh. She alleges that she was qualified to teach the school, holding teacher's certificate of qualification, and that she accordingly entered upon the work and continued to teach said school until March 6th, the following year, when she was dismissed and discharged by the school board, acting in conjunction with the county superintendent. She alleges the act of the board was wrongful, unlawful, wicked, and malicious, and without any cause or provocation on her part; that she was ready and willing to teach the school according to the contract, and that, after being discharged, she was unable to obtain other employment. She therefore sought to recover the balance of the contract price. A copy of the contract was attached to the petition and made a part thereof. At the time of making the contract, plaintiff below was a single woman, viz., Carrie Hawkins, and was thereafter married to one Ferguson.

The contract bound plaintiff below to begin said school on the 5th day of September, 1910, and contained various provisions as to rules and regulations not necessary here to state, for which she was to receive $75 per month. The contract provides, among other things, that, if said teacher shall be legally dismissed from school, then she shall not be entitled to compensation from and after such dismissal. The school district answered in substance, admitting plaintiff's claim of marriage, as alleged in the petition, and admit discharging her on the 6th day of March, 1911, as alleged in the petition, and alleges that she was dismissed for

682          SUPREME COURT OF OKLAHOMA.

School Dist. No. 18 of Creek County v. Ferguson.

incompetency and negligence; that, before discharging her, the district board, in connection with the county superintendent, heard evidence, and thereafter legally discharged and dismissed plaintiff as such teacher and claimed that the school board and county superintendent, acting together in such matters, became the sole judges of the charges against plaintiff, and that the same is not subject to review. Plaintiff below replied by general denial.

The case was tried to a jury November 25, 1911, and verdict was returned in favor of plaintiff against said district for $202.50. The defendant filed a motion for new trial, which was on the same day overruled by the court, and the school district brings error to this court.

It is contended by the plaintiff in error that the action of the district board in conjunction with the county superintendent, discharging defendant in error as such teacher, is conclusive; and that based upon this contention, after she has introduced her evidence and rested, the school district interposed a demurrer to the evidence, which was overruled by the court, and it is insisting on this contention here in this court, and in support thereof plaintiff in error cites section 8111, Comp. Laws 1909 (section 7824, Rev. L. 1910), which reads as follows:

"The district board of each district shall contract with and hire qualified teachers for and in the name of the district, which contract shall be in writing, and shall specify the wages per week or month as agreed upon by the parties, and such contract shall be filed in the district clerk's office, and, in conjunction with the county superintendent, may dismiss such teacher or teachers for incompetency, cruelty, negligence or immorality. Whenever any person shall make or enter into a valid contract with any such district board to teach school in such district, such contract shall be binding upon such teacher until he has been legally discharged therefrom according to law or released therefrom by such district board in regular session; and until such person shall have been thus discharged or released, he shall not have authority to make and enter into any valid contract

with any other such district board or board of education in the
state of Oklahoma, to perform services as teacher or instructor
for a period of time covered by an existing valid contract which
said person has made. No district board or board of education
shall have authority to pay any money or issue any warrants
for the payment of money to any person for services as teacher
or instructor, except for services performed under and by virtue
of a valid contract existing between such district board and such
teacher to be paid."

This section was construed perhaps for the first time in
Oklahoma in the case of *School District No. 94 in Grant County
v. Nellie Gautier*, 13 Okla. 194, 73 Pac. 954, wherein Chief Jus-
tice Burford, of the territorial Supreme Court, said:

"If the school board may then make a contract authorizing
them to discharge a teacher for incompetency or other good cause,
how is this power to be exercised? Certainly not arbitrarily,
and for mere personal reasons. There must exist a substantial
cause, and the school board must take some definite and affirma-
tive action to ascertain the truth. It will not be enough to accept
vague rumor and neighborhood gossip emanating from dissatisfied
pupils. It is the duty of the school board to visit the school,
examine into the conduct and management of the school, and
after an impartial and considerate investigation, if they find that
the teacher is not coming up to the requirements of the contract,
then they may safely discharge the teacher when the contract so
provides. But their action is not conclusive; they do not act
judicially, and cannot; and the jury must be the final arbiter of
the existence of the grounds for removal."

In that case the court quoted with approval the language of
the Supreme Court of Kansas in the case of *Armstrong v. School
District*, 28 Kan. 345, as follows:

"As to the mode of procedure by the school board in coming
to a determination whether it would discharge the plaintiff or not
under the contract, we think it had almost unlimited discretion.
Neither the contract nor the statute provides what the mode of
procedure should be in such cases. Of course, the decision of the
school board against the plaintiff is not final. If the plaintiff

had been a competent teacher, and not negligent in the performance of her duties, and if for that reason the dismissal had been unauthorized by the contract between the parties, then the school district would have been liable, and the plaintiff might have recovered for the full term for which she was employed. The facts whether the plaintiff was competent or not, and whether she was negligent or not, and whether the interests of the school district suffered or not from her incompetency and negligence, were questions of fact, to be tried by the trial court in the trial of the case."

It seems that the Oklahoma statute is a verbatim copy of the Kansas statute, and we think these authorities completely answer the contention of plaintiff in error as to the right of the plaintiff below to bring her action in the county court of Creek county.

Counsel for plantiff in error endeavor to distinguish the case at bar from the case of *School Dist. v. Gautier, supra,* for the reason that, as he says, in the latter case the teacher was discharged and dismissed by the district board alone, and that in the instant case the district acted in conjunction with the county superintendent; but we think there is no difference in principle The district board alone, or acting in conjunction with the county superintendent, could not arbitrarily discharge a teacher; and when a teacher is arbitrarily discharged, or discharged at all, if it is claimed the same was wrongful, malicious, or arbitrary, then the teacher has a right to have a jury, or a court sitting as a jury, pass upon the question of the justice or injustice of such discharge.

Plaintiff in error does not complain of the instructions to the jury, and upon examination thereof, together with the evidence, we find the instructions fairly and intelligently submit the issues to the jury. The jury returned a verdict for $202.50 in the court below, and the same is amply supported by the evidence. An examination of the proceedings does not disclose reversible error.

The judgment of the trial court is therefore affirmed.

All the Justices concur.