## KINCANNON et al. v. PUGH.

No. 17154—Opinion Filed Feb. 9, 1926.

(Syllabus.)

1. **Prohibition—When Writ Lies Against Inferior Court.**

Prohibition is the proper remedy, where an inferior court is attempting to make an excessive and unauthorized application of judicial force in a case otherwise properly cognizable before it, or where the lack of jurisdiction is apparent on the face of the proceedings.

2. **Same — Prohibition Against District Court Enjoining School Board Members to Prevent Hearing Charges Against Teacher.**

Under section 10367, Comp. Stats. 1921, the members of a school board, in conjunction with the county superintendent, may dismiss a teacher found guilty of immorality, and when charges of immorality are made against such teacher, the members of the school board, in conjunction with the county superintendent, are vested with exclusive jurisdiction to hear such charges, and the district court will not grant an injunction against two members of such board prohibiting them from participating in the hearing of such charges upon the petition of the teacher alleging that they are biased and prejudiced against him, and prohibition will be granted in this court to prevent the district court from issuing such injunction.

3. **Prohibition—Right to Writ—When Unnecessary to Urge Complaint in Offending Court.**

It is a rule generally observed by the courts that an application for a writ of prohibition restraining an inferior court from proceeding in a cause will not be entertained until lack of jurisdiction of the cause is called to the attention of the court in some manner. However, this rule is subject to well defined exceptions, as where no opportunity was given the applicant to object to the jurisdiction of the court, or where the lack of jurisdiction is apparent on the face of the proceedings, or where the intention of the inferior court to act beyond its jurisdiction is made apparent and it is obvious from the whole proceedings that such an application would be futile, or where it is shown that the necessary delay would be

highly injurious to the interest of the applicant.

Original action by W. W. Kincannon et al. against M. W. Pugh, District Judge, etc., for writ of prohibition. Writ granted.

Sandlin & Winans, for plaintiffs.

Sullivan & Rice, for defendant.

PHELPS, J. This is an original action commenced in this court by W. W. Kincannon, W. H. Johnson, and B. G. Springer, members of and constituting the district school board of consolidated school district No. 21, Stephens county, Okla., against M. W. Pugh, district judge of Stephens county, for a writ of prohibition restraining and enjoining him, as such district judge, from proceeding or assuming jurisdiction in an action pending in said court, numbered 6261 and entitled "W. T. Logan v. Herby Johnson and Whit Kincannon," the facts being substantially as follows:

W. T. Logan was one of the teachers and acting superintendent of the public school of consolidated school district No. 21, also known as Empire School, in Stephens county, Okla., when on the 23rd day of January, 1926, charges of immoral conduct were made against him, and the plaintiffs herein, as such school board, together with Mrs. G. T. Burrows, county superintendent of schools of Stephens county, were sitting together as a body considering the charges thus made against said W. T. Logan, and before disposing of the same adjourned said hearing until the hour of ten o'clock on the morning of January 25, 1926, at which time the hearing was to be resumed in the office of the county superintendent, the place where the charges were being heard; that after the adjournment of said body on the 23rd day of January, 1926, the said Logan filed in the district court of Stephens county his petition praying for an injunction restraining W. W. Kincannon and W. H. Johnson from acting as members of such school board and sitting as members of said body in hearing the charges of immorality against said Logan, alleging that they were prejudiced against him, and because of such prejudice could not give him a fair and impartial trial, and said M. W. Pugh, as such district judge, without notice, issued a restraining order, restraining and enjoining Johnson and Kincannon from sitting as members of such school board for the purpose of hearing or determining the charges against Logan until further ordered by said court, and set the matter for hearing on the 29th day of January, 1926. Whereupon the plaintiffs filed their cause in this court, praying for a writ of prohibition prohibiting the district court

from hearing or proceeding with the cause therein pending. This court issued its alternative writ, to which the defendant has made return admitting most of the allegations of plaintiffs' petition, but in such return asserts jurisdiction over the parties and subject-matter of the action and denies that in issuing the order he was making any undue or unlawful use of judicial force.

Section 10367, Comp. Stats. 1921, provides that:

"The district board of each district shall contract with and hire qualified teachers for, and in the name of the district, which contract shall be in writing. The contract shall specify the wages per week or month, as agreed upon by the parties, and one copy shall be filed with the district clerk, one copy filed with such county superintendent, and one copy retained by the teacher, and the board, in conjunction with such superintendent, may dismiss such teacher or teachers for incompetency, cruelty, negligence or immorality."

It will, therefore, be observed that the sole question for us to determine here is whether the school board, in conjunction with the county superintendent, had exclusive jurisdiction and authority to hear and determine the charges against the teacher, and, if they had such jurisdiction and authority, will prohibition lie to prevent the district court from assuming jurisdiction in such matters? If the district court had no jurisdiction or authority to interfere with the school board and county superintendent in the discharge of their duties as laid down in the above quoted section of the statute, the writ of prohibition has long been recognized in this state as a proper remedy to prevent the district court assuming jurisdiction and authority not warranted by law.

In State ex rel. Haskell, Governor, v. Huston, Judge. 21 Okla. 782, 97 Pac. 982, in the third paragraph of the syllabus this court used the following language:

"Prohibition is the proper remedy, where an inferior court assumes to exercise judicial power not granted by law, or is attempting to make an excessive and unauthorized application of judicial force in a cause otherwise properly cognizable by it."

And the rule there laid down has long been recognized by this court as the proper remedy, and is so well-settled that the citation of authorities or discussion of the reasons therefor is unnecessary.

This brings us, then, to the proposition constituting the gist of this controversy, to wit: Was the district judge of Stephens county, in granting the restraining order, assuming to exercise judicial power not granted by law, or attempting to make an ex-

cessive and unauthorized application of judicial force?

In his petition for injunction, Mr. Logan apparently relied upon his allegations that from the decision of the school board and county superintendent no appeal is provided by law, and that, as two members of the board were prejudiced against him, unless the court prevented, he would be deprived of a fair and impartial hearing, and prayed that the court order that he be given a hearing before unbiased and unprejudiced members. An examination of the act, of which section 10367, providing the method for dismissing a teacher for immorality, constitutes a part, it appears that no method is provided for appealing from the decision of the school board and county superintendent, constituting the tribunal before which charges are to be heard, but, notwithstanding the fact that no appeal is provided for, it is the well-settled law of this state that the teacher is not without his remedy although he may be discharged by the board without sufficient grounds existing therefor.

In School District v. Gautier, 13 Okla. 194, 73 Pac. 954, this court said in the third and fourth paragraphs of the syllabus that:

"A school board having authority to dismiss a teacher cannot arbitrarily exercise such power for personal reasons, or without sufficient grounds affecting the teacher's efficiency and usefulness. The board is required to act with discretion and judgment, and take all necessary steps to inform themselves, before proceeding to discharge a teacher for cause.

"The action of the school board, when authorized in discharging a teacher, is not final or conclusive; and, in a suit by the teacher to recover for the residue of the term, the question of sufficient grounds having existed to warrant the teacher's discharge is the one to be determined by the court or jury trying the case."

In that case the teacher was discharged and another teacher allowed to finish the term of school, at the expiration of which the first teacher brought suit for the balance of salary due her under her contract, and the territorial Supreme Court upheld the findings of the district court that the board was not warranted in discharging her under the facts there shown, under the territorial statute providing the method of dismissing teachers, which territorial statute has come down through the various revisions and codifications of our statutes, and now forms a part of section 10367, supra.

The rule there laid down was followed by this court in School District v. Ferguson, 45 Okla. 680, 146 Pac. 711, when in the first and second paragraphs of the syllabus this court used the following language:

"In an action for salary under a contract to teach a term of school, made in conformity with section 8111, Comp. Laws 1909, for a portion of such term which she was wrongfully prevented from teaching by being arbitrarily and wrongfully discharged by the school board and county superintendent, the action of the board and superintendent is subject to review by the courts; and the existence of ground upon which she was discharged is an issue of fact which either party has a right to have submitted to a jury.

"In the absence of some exceptional defense, a school teacher arbitrarily and wrongfully discharged, and thereby prevented from teaching the full term of such school, may, in an ordinary action, recover full salary for that portion of such term which she was prevented from teaching."

The school board and county superintendent, sitting together as a tribunal to hear charges of immorality against the teacher, being public officers, are presumed, in law, to act fairly and impartially and within the limits circumscribed by the statutes, but if they should act in an unwarranted manner and because of their bias and prejudice dismiss the teacher upon insufficient grounds, as he alleged in his petition for the restraining order they were about to do, it will be seen from the above authorities that he is not without his remedy even though no appeal from their action is provided by statute. Since the statute provides the exclusive method for dismissing the teacher and places that authority in the county superintendent and school board, sitting as a body, the district court, nor any other court, has authority to supply others to act as members of the board instead of the regular members alleged to be prejudiced, and plaintiff's prayer that he be given a hearing before others not prejudiced could avail nothing.

In the briefs filed by counsel for Judge Pugh it is contended that the writ of prohibition should not issue until the one seeking such extraordinary remedy has appeared in the lower court and challenged or directed the lower court's attention to any lack of jurisdiction, or excessive use of judicial force, and they cite as sustaining that rule State ex rel. Mays v. Breckenridge, 43 Okla. 711, 142 Pac. 407, and State ex rel. Davis v. Barnett, 68 Okla. 123, 171 Pac. 1109. Granting that these authorities support their contention as to the general rule, many authorities lay down certain well-defined exceptions to the general rule, holding that no objection to the jurisdiction of the court

sought to be prohibited need be made where the proceeding is ex parte, or where no opportunity has been given to appear and object to the jurisdiction of the court, or where the lack of jurisdiction is apparent on the face of the proceedings, or where the intention of the inferior court to act beyond its jurisdiction is made apparent in any way and it is obvious from the whole proceeding that such an application would be futile, or where unnecessary delay would be highly injurious to the interests of the applicant, in which event judicial courtesy should yield to substantial rights of litigants. In the case at bar, when plaintiffs filed their petition for the writ of prohibition in this court, they filed their affidavits alleging that a delay in the proceedings would deprive hundreds of children of school age residing in the district of the privilege of attending school during the period of such delay, and it appears from the record that the restraining order was granted by the district court of Stephens county without notice to the members of the school board, and it also appears from the defendant's return to the writ issued by this court that he still claims and asserts jurisdiction to grant the injunction, sought, all of which convinces us, beyond question, that the facts presented here furnish ample grounds for invoking the exception to the general rule.

It is not compatible with our idea of justice to say that, before plaintiffs applied to this court for the relief sought, under the state of the record in this case, they should have first challenged the jurisdiction of the district court, thereby giving that court an opportunity to do that which they seek to prevent it from doing by this writ, viz., making the injunction permanent, thereby forcing the plaintiffs to appeal, resulting in long delay and great disaster to the school district, and upon such appeal the only question that could be considered or determined was the jurisdiction of the district court to interfere with the members of the school board in the discharge of their duties, which question can as well be determined in this proceeding, and particularly is this true where the lack of jurisdiction is apparent on the face of the proceedings.

For the reasons stated, it is ordered that the writ of prohibition issue, and that the district court be prohibited from proceeding further in the case pending before it, except to dissolve its temporary injunction.

All the Justices concur.

Note.—See under (1) 32 Cyc. p. 604. (2) 22 C. J. p. 139 § 70; 32 Cyc. p. 610; 35 Cyc. p. 1087. (3) 32 Cyc. pp. 624, 624 (Anno).