## SCHOOL DIST. NO. 62 v. MORGAN.

No. 17598. Opinion Filed Sept. 13, 1927.

Rehearing Denied Oct. 25, 1927.

(Syllabus.)

1. **Schools and School Districts—Validity of Teacher's Contract Signed by Directors at Different Times and Places.**

Where a board of school directors and a teacher enter into a contract whereby the teacher agrees to teach a school for a term of months at a stipulated price, and such agreement is reduced to writing and signed by the teacher and by all the members of the school board, it is not necessary, in order to render such contract valid and binding between the parties, that all the members of the school board should sign same at the same time and place.

2. **Same—Action by Teacher for Salary—Sufficiency of Grounds for Discharge of Teacher a Question of Fact.**

The action of a school board, when authorized, in discharging a teacher, is not final or conclusive; and, in a suit by the teacher to recover for the residue of the term, the question of sufficient grounds having existed to warrant the teacher's discharge is one to be determined by the court or jury trying the case.

3. **Appeal and Error—Questions of Fact—Conclusiveness of Verdict.**

In law actions, where controverted questions of fact are submitted to a jury, the jury's verdict thereon will not be disturbed where there is any evidence reasonably tending to support it.

4. **Schools and School Districts—Wrongful Discharge of Teacher—Right to Recover Salary for Residue of Term.**

In the absence of some exceptional defense, a school teacher arbitrarily and wrongfully discharged, and thereby prevented from teaching the full term of such school. may, in an ordinary action, recover full salary, for that portion of such term which she was prevented from teaching.

Error from County Court, Carter County; A. J. Hardy, Judge.

Action by Basil Morgan against School District No. 62, Carter County, Okla. Judgment for plaintiff, and defendant appeals. Affirmed.

I. R. Mason, for plaintiff in error.

Moore & West, for defendant in error.

PHELPS, J. Basil Morgan, defendant in error, commenced her action in the justice

court of Ardmore township in Carter county against school district No. 62 of Carter county, praying for judgment in the sum of $125 alleged to be due her on her contract with said school district No. 62 to teach their school for the school year 1923-24, alleging that she taught said school with the exception of the last month, when she was prevented and prohibited by defendant from finishing such school term. The trial of the cause resulted in a judgment in her favor from which the school district appealed to the county court of Carter county, where the cause was tried to a jury, resulting in a verdict in her favor, upon which verdict judgment was rendered, and to reverse which the school district prosecutes this appeal.

It is first contended by plaintiff in error that Miss Morgan had no valid or binding contract with the school district to teach the school, the criticism of the contract being that it bore no date and that it did not specify the number of months the school should be taught. Counsel also insists that the contract was invalid for the reason that all members of the school board did not sign the same at a regular meeting of such board.

Evidence was introduced, however, tending to explain the terms of the contract, and since it was apparently understood that the school should begin on a certain day, and was begun on that day, and it being further understood that the term of the school should be for six months, and all parties acted upon that assumption until five months of the school had been taught, we must conclude that defects in the contract, if any there were, were waived and the contract ratified and adopted.

In School District No. 16 v. Barnes, 44 Okla. 489, 144 Pac. 1046, in the syllabus thereof, this court said:

"Where a board of school directors and a teacher enter into a contract whereby the teacher agrees to teach a school for a term of months at a stipulated price, and such agreement is reduced to writing and signed by the teacher and by all the members of the school board, it is not necessary, in order to render such contract valid and binding between the parties, that all the members of the school board should sign same at the same time and place."

Also, in Ryan v. Humphries, 50 Okla. 343, 150 Pac. 1106, in the third paragraph of the syllabus this court said:

"* * * Where a public body, such as a school board, has the original power and

authority to enter into a contract, such as the employment of teachers, such body or board may, legally ratify a contract of employment, made by the board, or a majority of the members thereof, in an irregular or unauthorized manner, and a ratification of such a contract is equivalent to a full compliance of authority originally given, and when so done renders the contract valid from its inception."

It is further contended by plaintiff in error that even though it should be determined that the contract was valid and binding, the school board had sufficient grounds for dismissing the teacher because of improper conduct on her part. It appears from the record that the cause was tried in the county court largely upon the question of fact raised as to whether Miss Morgan's conduct furnished sufficient legal grounds for her dismissal and the jury's verdict resolved that question in her favor and the trial judge approved that verdict by rendering judgment thereon, which, as we view it, disposes of the case.

In School District No. 18 v. Ferguson, 45 Okla. 680, 146 Pac. 711, in the first paragraph of the syllabus, this court said:

"In an action for salary under a contract to teach a term of school, made in conformity with section 8111, Comp. Laws 1909 (section 7824, Rev. Laws 1910), for a portion of such term which she was wrongfully prevented from teaching by being arbitrarily and wrongfully discharged by the school board and county superintendent, the action of the board and superintendent is subject to review by the courts; and the existence of the ground upon which she was discharged is an issue of fact which either party has a right to have submitted to a jury."

In announcing this rule this court followed the rule formerly laid down in School District No. 94 v. Gautier, 13 Okla. 194, 73 Pac. 954, where, in the fourth paragraph of the syllabus, this statement was made:

"The action of a school board, when authorized, in discharging a teacher, is not final or conclusive; and, in a suit by the teacher to recover for the residue of the term, the question of sufficient grounds having existed to warrant the teacher's discharge is one to be determined by the court or jury trying the case."

On this phase of the case the sole contention of counsel for plaintiff in error is that there is no evidence to sustain the verdict of the jury. In his brief we find this statement, "We have no objection to the instructions of the court and think that they clearly stated the law. * * *" In his brief he

cites but one authority and that to the effect that where the verdict of the jury is not sustained by any evidence, the judgment rendered thereon will be reversed. No one will dispute that that is the law in this state, but, after examining the record in this case, we cannot agree with counsel that there is no evidence reasonably tending to support the verdict. Having reached this conclusion, defendant in error was entitled to recover under the rule laid down in School District No. 18 v. Ferguson, supra, where, in the second paragraph of the syllabus, this court said:

"In the absence of some exceptional defense, a school teacher arbitrarily and wrongfully discharged, and thereby prevented from teaching the full term of such school, may, in an ordinary action, recover full salary for that portion of such term which she was prevented from teaching."

The judgment of the county court of Carter county is affirmed.

BRANSON, C. J., MASON, V. C. J., and LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 35 Cyc. p. 1084; 24 R. C. L. p. 615; 3 R. C. L. Supp. 1377. (2) 35 Cyc. p. 1095 (3) 4 C. J. p. 853, §2834; 2 R. C. L. 193; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73. (4) 35 Cyc. p. 1100.