### VOGEL et al. v. GASSAWAY, Dist. Judge, et al.

No. 20488. Opinion Filed Oct. 8, 1929.

W. M. Rainey and Ralls & Ralls, for applicants.

A. R. Telle and P. L. Gassaway, for respondents.

CULLISON, J. This case comes to this court on application of the petitioner to make the alternative writ of prohibition, heretofore issued by this court, permanent or absolute.

The petitioners and the respondents, for convenience, will be referred to as plaintiffs and defendants.

The record in this case shows that on June 25, 1929, plaintiffs filed their petition herein praying this court to grant a writ of prohibition against the defendant, the Honorable P. L. Gassaway, Judge of the 26th Judicial District, restraining and prohibiting him, the said district judge, taking jurisdiction of a certain case pending in the county court of Atoka county, Okla.; that on the same day, to wit, June 25, 1929, Justice Clark of this court, acting as Chief Justice of the Supreme Court of Oklahoma, granted an alternative writ to plaintiffs. On July 15, 1929, defendants District Judge Gassaway and A. R. Telle, guardian ad litem for said minor, filed responses to plaintiffs' petition, and on the same date petitioners filed their brief.

The petitioners for their cause of action allege and state:

"This is an action for writ of prohibition brought by the applicants, Sam Vogel, Walter J. Mayer and A. Zweigel, against P. L. Gassaway as District Judge of the 26th Judicial District of the State of Oklahoma, within which district is Atoka county, et al., to prevent said district court from assuming and trying, de novo, a certain action attempted to be appealed by the said Allen Folsom, a minor, through his guardian ad litem, A. R. Telle, and Robert Crockett, U. S. probate attorney, from a judgment and final decree of the county court of Atoka county, Okla., made and entered on the 17th day of April, 1929, wherein it was adjudged and decreed that the said Allen Folsom was not an heir or son of the said Edward Fol-

som, deceased, and in which it was held that the sole and only heirs of the said Edward Folsom, deceased, were his surviving wife, Lucy Folsom, and his father, Smallwood Folsom, and that they inherited the whole of his estate in equal shares.

"Judgment was rendered in the county court of Atoka county, Okla., on April 17, 1929, in favor of the applicants herein, and the respondents filed a motion for new trial on the 20th day of April, 1929, which said motion was overruled by the county court on May 2, 1929, 15 days after the rendition of the judgment of the county court. The respondent, Allen Folsom, filed notice of appeal to the district court of Atoka county, Okla., and has attempted to appeal from the order overruling the motion for a new trial. The applicants filed timely motions attacking the jurisdiction of the district court to entertain said appeal and say that said appeal was not taken in time as provided by statute. The district court overruled said motions to dismiss the appeal and is assuming jurisdiction and threatening to try said action de novo, and applicants have prayed for a writ of prohibition to prevent the district court from assuming jurisdiction of said cause and making excessive application of judicial force."

The contention here grew out of a suit pending in the county court of Atoka county, Okla., titled:

"In the Matter of the Administration of the Estate of Edward Folsom, Deceased.

"Sam Vogel, plaintiff, v. Lucy Folsom, W. J. Mayer, A. Zweigel, Sam Downing, as Executor of the Estate of Edward Folsom, Deceased; T. J. Moody, Allen Folsom and the Heirs, Executors, Administrators, Trustees, Devisees, Successors and Assigns, Immediate or Remote, Whether Known or Unknown, of Edward Folsom, Deceased, Defendants."

The county court rendered judgment for plaintiffs, and defendants attempted to appeal from the judgment of the county court to the district court of said county. Judgment was rendered by the county court, April 17, 1929. Defendants filed a motion for a new trial, April 20, 1929 (R. 38), which seems to be in due form for an appeal from a judgment of the district court. Plaintiffs filed timely motions in the district court attacking the jurisdiction of the court to entertain said appeal and asking that the same be dismissed on the ground that said appeal was not taken in time as required by law. The district court overruled the motions to dismiss the appeal and is assuming jurisdiction and threatening to try said action de novo.

Plaintiffs contend that the motion for new trial filed by defendants is not proper procedure required by law in appealing from

the judgment of the county court to the district court in probate or estate matters; that on appeal from a judgment of the probate court to the district court involving estate matters no motion for new trial is necessary.

Section 1414, C. O. S. 1921, provides when and how an appeal shall be taken from the judgment of a county court when purely probate matters are involved. Said section reads as follows:

"Section 1414—Appeal—how taken. The appeal must be made:

"First: By filing a written notice thereof with the judge of the county court, stating the judgment, decree, or order appealed from, or some specific part thereof, and whether the appeal is on a question of law, or of fact, or of both, and, if of law alone, the particular grounds upon which the party intends to rely on his appeal; and.

"Second: By executing and filing within the time limited in the preceding section, such bond as is required in the following sections. It shall not be necessary to notify or summon the appellee or respondent to appear in the district court, but such respondent shall be taken and held to have notice of such appeal in the same manner as he had notice of the pendency of the proceedings in the county court."

Section 1413, C. O. S. 1921, provides that an appeal by a party, or by a person interested who was present at the hearing, must be taken within ten days, and an appeal by a person interested who was not a party and not present at the hearing, within 30 days from the date of the judgment, decree, or order appealed from.

This court has very clearly held that the probate statutes requiring the giving of written notice and executing a bond in order to take an appeal from a judgment or order of a county court sitting in probate, are mandatory.

In Arnold v. Richardson, 90 Okla. 220, 217 Pac. 381, Justice Kennamer, speaking for the Supreme Court, held:

"The provisions of section 1414 and 1415, Comp. St. 1921, providing for the giving of written notice and executing a bond in order to take an appeal from a judgment or order of a county court sitting in probate, are mandatory, and upon failure to comply with the provisions such appeal should be dismissed by the district court."

It is also well-settled law in this state that on appeal from the probate court to the district court, no motion for new trial is necessary to protect the appellant's rights, and consequently such motion cannot extend the

time in which the appeal may be taken, which must be taken within ten days from the date of the judgment complained of. L. A. Stewart v. I. V. Kendrick, 12 Okla. 512, 73 Pac. 299.

The court in the body of the opinion in Stewart v. Kendrick, supra, said:

"It is contended, however, that the provisions of said statute limiting the right of appeal to a period of ten days from the date of the rendition of the judgment complained of did not commence to run until the 24th day of September, 1901, because of the pendency in the probate court of a Motion for New Trial, determined on that day. We cannot agree with this contention. The motion for new trial had no office to perform in the matter of this appeal. It was a proper and in most instances a necessary step to take where an appeal is desired from the probate court to the Supreme Court, as such motion raises and presents questions of law to be determined by the Supreme Court, but it adds nothing whatever to the record, and presents a determination of no rights necessary to be determined in the matter of appeal for trial de novo in the district court. This being true, the time limited for appeals to the district court commenced to run on the date of the rendition of the judgment complained of, to wit, the 12th day of July, 1901, and expired on the 22nd day of July, following. The motion for new trial is wholly superfluous, and protects no right of the appellant where the appeal is taken to the district court."

Judgment in the instant case was rendered in the county court of Atoka county, Okla., on April 17, 1929, in favor of plaintiffs, and defendants filed a motion for new trial on the 20th day of April, 1929, which motion was by the county court overruled on the 29th day of April, 1929. Thereafter, and on the 2nd day of May, 1929, defendants filed in the county court of Atoka county, "Notice of Appeal," which notice of appeal was "from the order of the county court of the said county of Atoka, state of Oklahoma, rendered in the above-entitled proceeding on the 29th day of April, 1929, overruling the motion for new trial."

Under the authorities above cited, it is obvious that the motion for new trial had no office to perform in the matter of this appeal and adds nothing whatever to the record and presents a determination of no rights necessary to be determined in the matter of appeal for trial de novo in the district court.

It therefore follows that in the instant case the time limited for appeal to the district court commenced to run on the date of the rendition of the judgment complained of, to wit, the 17th day of April, 1929, and under the provisions of section 1413, C. O. S. 1921, above, expired ten days later, or the 27th day of April, 1929.

In Sutter v. Sockey, 97 Okla. 107, 223 Pac. 161, this court held:

"The procedure for taking appeals from the judgments of the county courts in probate matters to the district court for trial de novo is statutory. The period within which appeals are to be taken is prescribed in section 1413, C. O. S. 1921.

" 'An appeal by a party, or by a person interested who was present at the hearing, must be taken within ten days, and an appeal by a person interested, who was not a party and not present at the hearing, within 30 days from the date of the judgment, decree, or order appealed from.' This section gives a party to the record or a person having an interest in the proceeding and present at the hearing, but not a party of record, 10 days in which to appeal. Others having an interest in the proceeding have 30 days in which to appeal. Chas. Sutter, the plaintiff in error here, was a party defendant of record, and was represented at the hearing, and falls within the class of persons required to appeal within 10 days."

In the instant case the defendants here were parties of record and represented at the hearing and fall within the class of persons required to appeal within 10 days.

One seeking to invoke the extraordinary remedy here sought is entitled thereto after he has appeared in the lower court and challenged or directed the trial court's attention to lack of jurisdiction. Kincannon v. Pugh, District Judge, 114 Okla. 90, 243 Pac. 945; Mays v. Breckenridge, 43 Okla. 711, 142 Pac. 407.

In the instant case the plaintiffs filed a plea to the jurisdiction of the district court in the form of a "Motion to Dismiss Appeal," and properly directed the lower court's attention to any lack of jurisdiction.

It is well settled by the law of this state that the applicants in the instant case are seeking the proper remedy.

In State ex rel. Wesley, Adm'r, v. Carr, Judge, et al., 114 Okla. 121, 244 Pac. 436, this court held:

" 'Prohibition' is the proper remedy where an inferior court assumes to exercise judicial power not granted by law, or is attempting to make an excessive and unauthorized application of judicial force in a cause otherwise properly cognizable by it. It is the remedy afforded to correct encroachments of jurisdiction by inferior courts, and is used to keep

such courts within the limits and bounds prescribed for them by law." (See, also, Hogan v. Superior Court of Okmulgee Co. 122 Okla. 295, 254 Pac. 966-; State ex rel. Haskell v. Huston, 21 Okla. 782, 97 Pac. 982; Evans v. Willis, 22 Okla. 310, 97 Pac. 1047.)

Applying the undisputed facts in this case to the well-settled decisions of this court on the questions here presented for determination, we conclude and hold that the district court of Atoka county, Okla., was acting without jurisdiction, and that the plaintiffs herein cannot be compelled to expend time and expense in useless litigation.

In the language of Justice Lester, speaking for the Supreme Court of Oklahoma, in the case of Tucker v. District Court in and for Third Judicial District, 108 Okla. 198, 235 Pac. 610:

"We cannot agree with the proposition that where the court is acting without jurisdiction, a party must submit himself to such court and be compelled to expend effort, time, and consequent cost of litigation, and if the findings of the court should be adverse, then be put to the inconvenience of an appeal. We think that where a proper showing has been made that the court is proceeding in a cause without jurisdiction, the writ of prohibition is a proper remedy to arrest the action of such court."

It is therefore the judgment of this court that the writ of prohibition issue, restraining and enjoining the said district court of Atoka county, Okla., from proceeding in said cause, and that the alternative writ of prohibition heretofore issued by this court become permanent and absolute.

All the Justices concur.

Note—See"Courts," 15 C. J. §443, p. 1023, n. 91.