## SINDT et al. v. DAVIS.

No. 24726.   Sept. 25, 1935.

Rehearing Denied Oct. 29, 1935.

Wilson & Wilson, for plaintiffs in error.

J. Howard Lindley, for defendant in error.

RILEY, J. This is an appeal from a judgment below, vacating an alternative writ of mandamus and denying an absolute writ. The relief sought is registration of a county warrant by the county treasurer. Epitomized, the facts are:

A copartnership, consisting of Sindt, Porr and Asplund, and doing business as the Asplund Construction Company, performed road construction work for Major county under a contract. When it became apparent that funds derived from a bond issue were nearing exhaustion, the county curtailed the road work so as to avoid claims in excess of cash available to pay same. The petitioners below, plaintiffs in error, completed their work, filed their claim in the amount of $1,-191.37 with the county clerk, and directed, by assignment thereon, that the warrant therefor be issued to the First National Bank of Enid, Okla. The claim was allowed. The warrant was drawn. Funds were available with which to pay same, but the warrant was never delivered to the bank.

Mr. Sindt inquired about the warrant at the clerk's office and it was handed to him, whereupon he returned it, saying to the clerk, "Take this and keep it for me."

It appears that the warrant was presented, at the request of Mr. Sindt, to the county treasurer on the 14th day of November, 1932, for registration by the county clerk, and that the county treasurer was requested by Mr. Sindt to register the warrant at a time when Mr. Champlin, vice president of the bank, accompanied the petitioner to the office of the county treasurer.

The trial court was of the opinion that only the holder of the warrant and payee named therein could invoke the duty enjoined by law upon the county treasurer, and that the assignor of the claim, upon which the warrant was based, was not a party in interest and could not maintain this action. (C.-M. 40.)

This is an erroneous view of the law. Section 8634, C. O. S. 1921, is the governing statute; it reads in part:

"It is hereby made the duty of the treasurer of the county, * * * to whom a warrant * * * is directed for payment, to register the same in a book to be kept for that purpose * * * and when so registered, shall be returned to the officer attesting the same. No warrant * * * shall be a valid charge until registered by the treasurer of the municipality issuing the same. * * *"

There is no law requiring the payee to present a warrant for registration, but the law contemplates registration before delivery of the warrant to the payee.

The remaining question is whether the assignor of the claim, upon which the warrant was predicated, could maintain the action. The assignor established by the evidence that

the warrant, when and if it was paid, would reduce his indebtedness at the bank. Section 447, C. O. S. 1921, provides in part as to the writ of mandamus:

"* * * It may be issued on the information of the party beneficially interested."

In Miller v. Horton, 69 Okla. 147, 170 P. 509, we held:

"* * * The mere pledging of a promissory note or other evidence of indebtedness as collateral security for the payment of a debt does not divest the pledgor of title and vest title in the pledgee * * * 'and general ownership remains with the pledgor and only a special property passes to the pledgee'." Bank of Utica v. McKinster, 11 Wend. 473; Liner v. J. B. Watkins Land Mtg. Co. (Tex. Civ. App.) 68 S W 311; Ryan v Humphries, 50 Okla. 343, 150 P. 1106; State v. Cummings, 47 Okla. 44, 147 P. 161.

The bank was a proper, though not a necessary, party to the action.

The action was maintainable by the petitioners below. Judgment reversed and a peremptory writ of mandamus is hereby awarded.

McNEILL, C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.