## DUNGAN v. INDEPENDENT SCHOOL DIST. NO. 39.

No. 27953.    March 29, 1938.

C. B. Leedy and J. W. Burrow, for plaintiff in error.

L. H. Clark and Perry J. Morris, for defendant in error.

HURST, J. This is an action on a contract employing a superintendent of schools by an independent district. The petition alleges that during the year 1932, the board of education of independent school district No. 39 of Ellis county entered into a written contract with plaintiff whereby he was employed as superintendent for the said school for a period of three years, 1932-1933, 1933-1934, and 1934-1935, and was to receive $225 per month for each school year of nine months; that the contract was performed by both parties for two years; that at the meeting of the board of education on the first Monday in May, 1934, no steps were taken by said board to repudiate the contract for the third year, nor was notice of any character given to plaintiff, but that the board, by its silence, ratified and confirmed the contract with plaintiff and are now estopped from denying the terms and conditions thereof; that an appropriation was made to pay the superintendent's salary for the fiscal year 1934-1935; that the school board unlawfully attempted to employ one Jimmie Martin to teach for the school year 1934-1935 and unlawfully paid the funds appropriated for salary for the superintendent to said Jimmie Martin; that plaintiff held himself in readiness to teach and superintend at all times; and that no reason was given for dismissal of plaintiff. Plaintiff prayed for judgment against defendant for $2,025 and interest. A copy of the contract was attached to, and made a part of, the petition.

The defendant filed a general demurrer to the petition, which was sustained by the trial court. Plaintiff appeals, and for reversal urges that the petition states a cause of action, since it alleges facts necessary to establish a contract, the performance thereof by plaintiff, the breach thereof by defendant, and the amount of liability of defendant. Plaintiff further contends that the validity of the contract is a matter of defense to be pleaded and proved by answer, and cannot be raised by demurrer. He further contends that the school board has power to, and did, ratify the contract, which made it valid from its inception, and that a school board cannot arbitrarily remove a teacher without sufficient grounds affecting the teacher's efficiency and usefulness.

We will first consider whether the validity of the contract upon which suit is brought may be raised by general demurrer to the petition. Plaintiff cites no authority holding that the legality of a contract, which is made the basis of an action, the terms of which are pleaded, and a copy of which is attached to the petition as an exhibit, may not be raised by general demurrer. In 49 C. J. 420, sec. 532, it is stated that a general demurrer will raise the question of "the illegality of a contract sued on." It was held in State ex rel. Baldwin v. City of Shawnee (1932) 158 Okla. 173, 13 P.2d 89, that where plaintiff's petition and the exhibits attached thereto, when considered together, do not state a cause of action, a demurrer to the petition should be sustained. See, also, Wagner v. Land (1931) 152 Okla. 225, 4 P.2d 81, and New York Cas. Co. v. Wallace & Tiernan (1935) 174 Okla. 278, 50 P.2d 176. We, therefore, hold that where the petition and exhibits attached thereto disclose on their face that the contract sued upon is invalid, a general demurrer is proper to raise the question of its legality. If the contract is found to be illegal, then no cause of action is stated and the demurrer should be sustained.

We come, then, to the question of the legality of the contract between plaintiff and defendant. By the terms of the contract, which was made in March, 1932, plaintiff was employed as superintendent for defendant school district for three years. The petition seeks recovery of damages for breach of the contract the third year. That this contract cannot create a liability against the school district is established by the case of School Dist. No. 76, Creek County, v. Bath (1926) 120 Okla. 204, 250 P. 1003, where we held that a contract entered into in April, purporting to employ the plaintiff as teacher for the ensuing school year beginning in September, 1924, was void, and the teacher could not recover damages for breach of the contract, it appearing that the personnel of the school board had changed and the new board had employed another teacher and refused to permit the plaintiff to teach. It was further held that section 10367, C. O. S. 1921, in so far as it attempted to authorize the school board to enter into contracts employing teachers prior to the beginning of

the fiscal year, for the ensuing school year, was unconstitutional, being violative of section 26, article 10, of the state Constitution. See, also, Gentis v. Hunt (1925) 121 Okla. 71, 247 P. 358.

While the point is not briefed, we note that plaintiff as its third assignment of error states that the trial court erred in holding section 6875, O. S. 1931, unconstitutional in that it authorizes a contract employing a superintendent for a longer period than one year. We think the trial court committed no error in so holding. In so far as section 6875, supra, authorizes an independent school district board to contract with a superintendent during one fiscal year for services to be performed during a subsequent fiscal year, it is unconstitutional, being in violation of section 26, article 10 of the Oklahoma Constitution. School Dist. No. 76, Creek County, v. Bath, supra. This question was not raised or discussed in Harp v. Consol. School Dist. No. 1 (1925) 115 Okla. 48, 241 P. 787, and it is, therefore, unnecessary to discuss that case. Therefore, in so far as the petition relies on the contract entered into in 1932, no cause of action is stated, and the trial court properly sustained the general demurrer thereto.

■ The remaining question to be determined is whether the allegations of the petition relating to ratification are sufficient to state a cause of action so as to withstand a general demurrer. Plaintiff's theory in this regard is that the school board, by performing the contract for two years, and by failing to take affirmative steps to repudiate the contract for the last year, thereby ratified the contract, and such ratification, being equivalent to full performance, made the contract valid from its inception. It is not alleged that the school board did any affirmative act after the commencement of the last fiscal year from which a new contract for the third school year may be implied.

(a) Since we have held herein that the contract itself is void because it attempted to create a liability against funds of subsequent fiscal years in violation of section 26, article 10, of the state Constitution, it follows that the alleged affirmative acts of the school board in permitting plaintiff to teach during the fiscal years 1932-1933 and 1933-1934 could not create a liability by ratification against the school district for the fiscal year 1934-1935. To hold otherwise would be to say that the school board could do indirectly (by ratification) what it could not do directly (by contract).

(b) We next consider plaintiff's allegation that the contract was ratified by the school board for the third year because, as plaintiff alleged, "said board never at any time attempted to repudiate said contract." Giving the plaintiff every benefit of this allegation in determining whether the petition will withstand a general demurrer, we will assume that the allegation covers not only the inaction of the school board at its meeting in May, 1934, but also after July 1, 1934, the beginning of the fiscal year. But the petition alleges that the school board employed another superintendent for the school year 1934-1935, and paid him the salary appropriated for that purpose. This was an affirmative act which negatives any intention to ratify. In view of this allegation a recognition of the contract cannot be implied from the allegation of inaction on the part of the board. 44 C. J. 124, sec. 2229.

The case of Ryan v. Humphries (1915) 50 Okla. 343, 150 P. 1106, relied on by plaintiff, is not in conflict with our views herein. There the contract employing the teacher was irregularly entered into during the fiscal year in question (the contract having been entered into at a special meeting of two members of the board without notice to the third member) and was ratified by permitting the teacher to teach and approving his claim for the first month's salary at a regular meeting of the board. Thus it appears that the contract, although irregular, was entered into at a time when it could have been legally entered into, and was later ratified by affirmative acts showing recognition. Neither condition is alleged to exist in the case at bar. The plaintiff also cites the following cases in support of his theory of ratification: School Dist. No. 16 v. Barnes (1914) 44 Okla. 489, 144 P. 1046; School Dist. No. 18 v. Ferguson (1915) 45 Okla. 680, 146 P. 711; School Dist. No. 62 v. Morgan (1927) 127 Okla. 193, 260 P. 46; School Dist. No. 60, Ellis County, v. Crabtree (1930) 146 Okla. 197, 294 P. 171; Sindt et al. v. Davis (1935) 174 Okla. 356, 51 P.2d 495. None of these cases involve the question of ratification, and they are not in conflict with the views we have expressed.

In the case of Anderson v. Miller (1935) 172 Okla. 480, 45 P.2d 499, the court permitted the teachers to recover on the theory that the contract was consummated after the beginning of the fiscal year, although negotiations commenced in the previous fiscal year. Thus the recovery was not based upon ratification, and the opinion is

388

not in conflict with the views herein expressed.

It follows that the allegations of the petition are insufficient to state a cause of action on the theory of ratification. It is not necessary to discuss the question of whether a void contract is susceptible of ratification.

4. There being no contract of employment, it becomes unnecessary to determine plaintiff's contention that the school board was without power to arbitrarily remove a teacher without legal grounds.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, PHELPS, CORN, GIBSON, and DAVISON, JJ., concur.