## SCHOOL DIST. NO. 76, CREEK COUNTY, v. BATH.

No. 17427—Opinion Filed Nov. 23. 1926.

1. Schools and School Districts—Invalidity of Teacher's Contract Antedating Fiscal and Scholastic Year.

Where the defendant school district during one fiscal year entered into a contract which undertook to create a liability against funds of the subsequent fiscal year for services then to be performed, held. in the suit against

the school district to recover damages thereunder alleged to have been sustained on account of the action of the school board in preventing the performance of the services during such subsequent year, that said contract was entered into in contravention of the intention and plain purpose of section 26, art. 10, of the Constitution, and therefore did not create a legal liability against the district.

## 2. Same—Unconstitutionality of Statute.

Section 10367, C. O. S. 1921, in so far as it attempts to confer authority upon school district boards during one fiscal year to create by contract a liability against funds provided for school maintenance and support for subsequent fiscal years for services then to be performed, is unconstitutional and void, because in violation of section 26, art. 10, of the Constitution of Oklahoma.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Creek County; J. L. Norman, Judge.

Action by Bessie Bath against School District No. 76 of Creek County, to recover salary alleged to be due upon a teacher's contract. Judgment for plaintiff, and defendant appeals. Reversed.

Streeter Speakman, for plaintiff in error.

Davis & Frazier, for defendant in error.

Opinion by FOSTER C. This was an action by Bessie Bath, defendant in error, as plaintiff, against school district No. 76 of Creek county, plaintiff in error, as defendant, to recover the sum of $1,125, alleged to be due her as salary under a contract employing defendant in error to teach a nine months' school in said school district for the school year 1924-25. Parties will be hereinafter referred to as they appeared in the trial court.

There was a trial to the court, without the intervention of a jury resulting in a judgment in favor of the plaintiff and against the defendant in the sum of $525. From this judgment and from an order overruling its motion for a new trial, the defendant appeals to this court for review by petition in error with case-made attached, claiming that the judgment was not supported by the evidence and is contrary to law.

A number of propositions are discussed in the brief of the defendant as grounds for a reversal of the judgment, but in our view of the case it will only be necessary to consider the second proposition as follows:

"The stipulation of facts shows that the teacher's contract claimed upon was entered into before the beginning of the fiscal year, which began July 1, 1924, and provided for an expenditure of money after July 1, 1924, and such contract was void under the Constitution of the state and the holding of this court in Gentis et al. v. Hunt, 121 Okla. 62, 247 Pac. 358."

The agreed facts are that on the 12th day of April, 1924, plaintiff, Bessie Bath, entered into a contract with the then existing school board of district No. 76 of Creek county, to teach a nine months' term of school for the school year 1924-25, said term to begin on the first Monday of September, 1924, at a salary of $125 per month. At the time this contract was entered into there was only $290 left in the approved estimate for school purposes for the year ending July 1, 1924, and this amount of money was paid out upon a teacher's contract previously made and entered into for that year. The approved estimate for teacher's salary for the school year 1924-25 of school district No. 76 was fixed in the sum of $1,305, but at the time the contract in question was entered into, on April 12, 1924, there was no money in the hands of the school treasurer and no funds provided with which to pay plaintiff.

Between the date of plaintiff's contract with the school board and the time fixed by the contract for beginning the school term, there was a change in the personnel of the school board, two members having retired, and the new board entered into a contract with another teacher and refused to permit the plaintiff to teach.

A mandamus action was thereupon prosecuted by the plaintiff against the defendant to compel the defendant to give possession of the school property in order that she might teach the term which she claimed she had a right to teach under the contract. The mandamus action was appealed to the Supreme Court, and this court refused plaintiff any relief on the ground that plaintiff's right to the writ was not clear, and that in any event she had a plain and adequate remedy at law (Bath v. Dumas, 108 Okla. 260, 236 Pac. 1), whereupon plaintiff instituted the present action, resulting in the judgment stated above.

It thus appears that at the time plaintiff entered into her contract with the defendant on April 12, 1924, there were no funds on hand and no approved estimate out of which the salary covered by the contract could have been paid, and the plain purpose of the contract was to bind the estimate thereafter made and approved for the subsequent fiscal

year beginning July 1, 1924, and ending July 1, 1925.

The precise point involved here has been recently decided by this court in the case of Gentis et al. v. Hunt, 121 Okla. 62, 247 Pac. 358, adversely to the contention of plaintiff. In the cited case a number of contracts exactly in the same situation as the contract in the instant case were held to be void and unenforceable.

In the second paragraph of the syllabus in the cited case it is said:

"Where the defendant school board, during one fiscal year, enters into contracts which undertake to create a liability against funds of the subsequent fiscal year for services then to be performed, held, in a suit against the school district to recover thereunder for services performed during such subsequent year and after the estimate made and approved for such purpose was diverted and exhausted during that fiscal year, that said contracts were entered into in contravention of the intention and plain purpose of section 26, art. 10, of the Constitution, and therefore do not create a legal liability against the district."

In the body of the opinion the court said:

"From the foregoing, we are of the opinion that the contracts entered into prior to July 1, 1921, the first of the fiscal year, were void and unenforceable as against the estimate thereafter made and approved for the subsequent fiscal year beginning July 1, 1921, since there were no funds on hand and no approved estimate out of which the salaries covered by the said contracts could have been paid at the time the board of education attempted to enter into the said contracts. If, under the law, the members of a school board may, during one fiscal year, legally contract against estimates thereafter to be made and approved for subsequent fiscal years, it follows that such members could so contract for any number of years. We do not believe such course to be lawful without the assent of three-fifths of the voters of such district as is required by the Constitution of this state. * * * In our opinion, the course of action revealed by the action of the board in this case is not only contrary to the provisions of section 26, art. 10, of the Constitution and section 8638, C. O. S. 1921, but is contrary to the spirit and policy of sound fiscal management, and should not be approved in the absence of specific constitutional authority."

It is true that the amount of plaintiff's contract was within the approved estimate of $1,305 for the school year 1924-25, but this was also true in the cited case as to the 21 contracts executed prior to July 1, 1921, yet this court held that the claimants under the 21 contracts could not recover, but that claimants under contracts with the school board executed subsequent to July 1, 1921, could recover. In other words, this court in the cited case held that contracts executed subsequent to July 1, 1921, were valid and enforceable contracts because executed at a time when legally levied funds were available with which to pay the contracts, and held that the contracts executed prior to July 1, 1921, were invalid because executed prior to the time of the approval of the estimate for school purposes for the year 1924-25 although the contracts may have been within the estimate when subsequently made and approved.

Our attention has been called in the brief of plaintiff to that part of section 10367, C. O. S. 1921, which provides:

"School district boards shall have authority to enter into contracts after March first each year and prior to the annual meeting with persons to teach their school for the ensuing year. * * * The contract so entered into before the annual meeting shall be binding upon the district only for an amount that comes within the estimate when made and approved, and the district, nor any member of the school district board shall be liable for any amount of difference between the amount of the contract and the amount of the estimate as made and approved."

Section 10367, C. O. S. 1921, in so far as it attempts to confer authority upon school district boards, during one fiscal year, to create, by contract, a liability against funds provided for school maintenance and support for the subsequent fiscal year for services then to be performed, is violative of the intent and purpose of section 26, article 10 of the state Constitution, as declared in Gentis v. Hunt, supra, and other decisions of this court therein cited, and is therefore unconstitutional and void.

It follows, under the settled law announced in the case of Gentis v. Hunt, supra, that the judgment of the trial court must be reversed and the cause remanded, with directions to dismiss plaintiff's action.

By the Court: It is so ordered.