## BARNEY v. SCHOOL DIST. NO. 98 et al.

No. 17405—Opinion Filed Dec. 21, 1926.

### Schools and School Districts—Invalidity of Contract Attempting to Create Liability Against Funds of Subsequent Fiscal Year.

Where the defendant school district during one fiscal year entered into a contract which undertook to create a liability against funds of the subsequent fiscal year for services then to be performed, held, in the suit against the school district to recover damages thereunder alleged to have been sustained on account of the action of the school board in preventing the performance of the services during such subsequent year, that said contract was entered into in contravention of the intention and plain purpose of section 26, art. 10, of the Constitution, and therefore did not create a legal liability against the district, and no action for damages for breach of such contract can be maintained.

(Syllabus by Williams, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court Payne County; C. C. Smith, Judge.

Action by J. D. Barney against School Dis-

trict No. 98, Payne County, Okla., upon teacher's contract. Codefendants as taxpayers intervened. Judgment for plaintiff for less than sued for, and plaintiff brings error. Reversed, with directions.

Higgins & Berton, for plaintiff in error.

John P. Hickam, for defendants in error.

Opinion by WILLIAMS, C. The parties will be referred to as they appeared in the trial court.

Plaintiff sues the defendant and bases his right of recovery upon a written contract made and entered into by and between the plaintiff and defendant April 10, 1924, whereby plaintiff obligated himself to teach a nine-months school for defendant beginning September 1, 1924, at an agreed price of $283.-33 1/3 per school month. The plaintiff entered upon the discharge of his duties under said contract, and performed the same up to March 7, 1925, at which time he was discharged by defendant, and prays judgment for $850 due the plaintiff under said contract. The case was tried to the court and jury and judgment rendered for the plaintiff in the sum of $141.67. From this judgment, the plaintiff appeals, and brings the case to this court for review.

The record discloses the fact that the teacher's contract upon which recovery is sought in the instant case was entered into before the beginning of the fiscal year, July 1, 1924, and provided for an expenditure of money after July 1, 1924. It thus appears that at the time the plaintiff entered into his contract with the defendant on April 10, 1924, there were no funds on hand and no approved estimate made out from which the salary covered by the contract could have been paid, and the plain purpose of this contract was to bind the estimate thereafter made and approved for the subsequent fiscal year beginning July 1, 1924, and ending July 1, 1925.

This contract was void and unenforceable under the holding in Gentis et al. v. Hunt et al., 121 Okla. 71, 247 Pac. 358; School Dist. No. 76, Creek County, v. Bath, 120 Okla. 204, 250 Pac. 1003, and therefore no action for damages for breach of such contract could be maintained.

The judgment is reversed and remanded, with directions to the trial court to dismiss the plaintiff's cause of action.

By the Court: It is so ordered.