## BOARD OF ED., INDEPENDENT SCHOOL DIST. No. 11, v. McACHRAN.

No. 18280. Opinion Filed June 19, 1928.

Rehearing Denied Dec. 4, 1928.

Hamilton, Gross & Howard, for plaintiff in error.

A. L. Jeffrey, for defendant in error.

HEFNER, J. The record in this case discloses that the plaintiff in error and the defendant in error entered into a teacher's contract in writing on May 27, 1925, whereby defendant in error was to teach a nine months school in independent school district No. 11 Osage county, for a salary of $145 per month for the school year 1925-26. The defendant in error entered upon the performance of her duties in September, 1925, and continued to teach until the second day of February. 1926. The board of education accepted her services, paid her each month during the time she taught. and discharged her on February 2nd because she married on or about January 15, 1926. On February 3, 1926, the board employed another teacher in the place of the defendant in error and paid the successor the salary of $145 per month for a period of four months. The trial court rendered judgment in favor of the defendant in error, plaintiff below, for the sum of $580, which was the salary for the remaining four months of the term.

At the time the contract was entered into, May 27, 1925, the estimate and levy for the succeeding school year had not been made. For that reason, the contract was void ab initio.

The facts in the instant case are essentially the same as the facts in the case of Barney v. School District No. 98, Payne County, 120 Okla. 303, 251 Pac. 737. In that case the record disclosed that a teacher's contract was entered into before the beginning of the fiscal year and provided for the expenditure of money after the fiscal year had begun. There were no funds on hand and no approved estimate made out of which the salary covered by the contract could have been paid at the time it was entered into. and the purpose of the contract was to bind the estimate thereafter made and approved for the subsequent fiscal year beginning July 1, 1924, and ending July 1, 1925. On these facts, the court in that case said:

"Where the defendant school district, during one fiscal year, entered into a contract which undertook to create a liability against funds of the subsequent fiscal year for services then to be performed. held, in the suit against the school district to recover damages thereunder, alleged to have been sustained on account of the action of the school board in preventing the performance of the services during such subsequent year, that said contract was entered into in contravention of the intention and plain purpose of section 26, art. 10, of the Constitution, and therefore did not create a legal liability against the district, and no action for damages for breach of such contract can be maintained."

Under the law as here announced, the plaintiff cannot recover herein.

The judgment is reversed, and remanded, with directions to the trial court to dismiss the plaintiff's cause of action.

MASON, V. C. J., and PHELPS, LESTER, and RILEY, JJ., concur.