## SCHOOL DIST. NO. 36 v. PIPPIN.

No. 18788. Opinion Filed Dec. 11, 1928.

J. W. Dixon and Wes Croy, for plaintiff in error.

Keller & Cameron and B. W. Jones, for defendant in error.

JEFFREY, C. Plaintiff, Gertrude Pippin, brought this action against the defendant, school district No. 36, Love county, Okla., to recover upon a school teacher's contract. The contract was entered into on the 26th day of March, 1926, whereby the defendant employed plaintiff to teach school in said district for the school year 1926-1927, for a term of nine months at a salary of $100 per month. The contract provided that the term of school should commence on the first Monday in August, 1926, unless otherwise agreed upon. The term of school was begun on order of the school board on July 19, 1926, at which time plaintiff presented herself to said school board at the schoolhouse, and offered her services in compliance with the written contract. The school board refused to permit plaintiff to perform any duties as teacher. On the first Monday in August, plaintiff again presented herself and offered to commence teaching, which offer was declined by the school board, and she was denied the right to teach in the schools of that district. Plaintiff then filed her claim for the first month's salary, which was rejected, and this suit was commenced for the recovery of the entire contract price.

The cause was tried to a jury, and at the conclusion of all evidence, the court instructed the jury to return a verdict for plaintiff for the amount asked. A verdict having been returned, judgment rendered in accordance therewith, and a motion for new trial overruled, defendant prosecutes this appeal.

Defendant presents several assignments of error under which it contends that the verdict and judgment of the court are erroneous and should be reversed. It seems that a consideration of only one question is necessary to a complete determination of the appeal. Is the teacher's contract, executed on March 26, 1926, whereby plaintiff was to be paid the salary therein specified for services to be performed during a subsequent fiscal year, which contract was executed prior to the making of an estimate and an appropriation of funds for such purpose for the fiscal year during which the services were to be performed, a valid and enforceable contract? This question has several times been answered in the negative by this court. This precise question was under consideration in Barney v. School District No. 98, Payne County, 120 Okla. 303, 251 Pac. 737; School District No. 76 of Creek County v. Bath, 120 Okla. 204, 250 Pac. 1003; and Gentis v. Hunt, 121 Okla. 71, 247 Pac. 358. In was there pointed out that such a contract undertook to create a liability against public funds for a subsequent fiscal year, was entered into in contravention of the plain purpose and intention of section 26, article 10 of the Constitution of Oklahoma, and created no legal liability against the school district.

It is suggested by plaintiff that it nowhere appears in the record in the instant case that there were no funds on hand with which to pay her salary for the next fiscal year, and that in this way the case may be distinguished from the foregoing cases. However, such a distinction cannot be made. Section 9699, C. O. S. 1921, provides for the making of levies for each municipality within a county, including common school districts. It is there provided:

"The several items of the estimate as made and approved by the excise board for each fiscal year shall constitute and are hereby

declared to be an appropriation of funds for the several and specific purposes named in such estimate, and the appropriation thus made shall not be used for any other fiscal year or purpose whatsoever."

The foregoing section requires that any surplus balance which might have been on hand to the credit of the school district for the payment of teachers' salaries for the fiscal year 1925-1926 be deducted from the estimated needs for the next fiscal year before the items of needs can be approved by the excise board and become an appropriation. If there were any moneys on hand to the credit of the school district, they were for use during the old fiscal year, and could not be used to pay teachers' salaries for a subsequent fiscal year until duly appropriated for that particular purpose and for that particular year. The contract was executed prior to the beginning of the fiscal year within which it was to be performed, and before an estimate had been made and approved for the coming fiscal year. So it must be apparent that there were no funds on hand wherewith plaintiff could be paid her salary as teacher during the subsequent fiscal year.

Plaintiff contends that defendant in the trial court challenged the validity of the teacher's contract only on the grounds that only two members of the school board signed the same without notice to the other, and for the further reason that plaintiff did not have a valid teacher's certificate; that the invalidity of the contract by reason of its having been executed prior to the beginning of the new fiscal year, when there were no funds provided to carry out said contract, was not raised in the trial court; and that, to permit the question to be here raised, permits defendants to change theories on appeal. On the other hand, defendant contends that this question was specifically presented to the trial court in a motion for new trial. It it not contended that the motion for new trial does not include grounds which properly present for consideration to the trial court this question. Nor is it contended that the question is not properly raised by the petition in error. We cannot see any merit in plaintiff's contention that to urge the invalidity of the contract by reason of its having been executed prior to the beginning of the new fiscal year, and before funds were provided with which to pay for plaintiff's services, constitutes a change of theory in this court. The motion for new trial sets out grounds sufficient to cover the objection. And if this exact reason was not presented to the trial court, it amounts to no more than an additional reason why the contract is void and unenforceable. It appears to have been defendant's only theory in the trial court that the contract had been in fact executed, but was void and unenforceable. It is not what we understand to be a new or different theory. We do not understand that there is any rule of law prohibiting an appealing party from assigning additional reasons in this court consistent with the general theory on which he tried his cause in the lower court.

We must conclude that the contract sued upon is void and creates no legal liability against the school district. It appears that soon after the beginning of the new fiscal year, the school board informed plaintiff that the contract had been repudiated; and subsequent to July 1, 1926, neither party acted pursuant to the terms of the contract in such a way as might constitute an adoption of the void contract. The judgment of the trial court is therefore reversed, and the cause remanded, with instructions to enter judgment for defendant.

TEEHEE, HERR, DIFFENDAFFER. and HALL, Commissioners, concur.

By the Court: It is so ordered.