## SCHOOL DISTRICT NO. 60 OF ELLIS COUNTY et al. v. CRABTREE.

No. 19732. Opinion Filed Nov. 11, 1930.

Withdrawn, Corrected, Refiled and Rehearing Denied Dec. 16, 1930.

Brownlee & Blaine, and W. H. Thomas, for plaintiffs' in error.

Perry J. Morris, for defendant in error.

ANDREWS, J. The defendant in error brought this action in the district court of Ellis county for the recovery of judgment against the plaintiffs in error for breach of a school teacher's contract. The parties will be hereinafter referred to as plaintiff and defendants.

It is contended by the defendants that the trial court erred in overruling the motions of the defendants to quash the service of summons.

An examination of the returns of the officer who made the service shows that the returns are defective. Had the defect been called to the attention of the trial court in a motion for new trial, the returns might have been corrected in that court. The defect, however, was not called to the attention of the trial court in the motion for new trial. The rule with reference thereto is well settled and was stated by this court in Bilby v. Gibson, 133 Okla. 196, 271 Pac. 1026, to be as follows:

"An order overruling a motion to quash summons is not an error of law occurring at the trial, and cannot be reviewed under the assignment of errors, 'Errors of law occurring at the trial,' and unless the same is properly presented to the trial court in a motion for a new trial, it cannot be reviewed on appeal."

We think that the rule quoted is applicable in this case and that it should be applied.

It is contended by the defendants that the trial court erred in overruling the motion of the defendants to require the plaintiff to make her second amended petition more definite, specific, and certain.

That motion was based on two grounds: First, that the petition did not allege that an appropriation had been made by the excise board for the purpose of paying the teacher's salary in school district No. 60; and, second, that the petition was ambiguous as to whether or not the teacher's contract was for a term of eight months or a term of nine months.

A copy of the contract was attached to the petition and showed that the contract was for a term of eight months. No question is raised as to the correctness of that provision. The provision in the contract governs notwithstanding the allegations of the petition that the contract was for nine months.

We find no error in overruling these motions. We will hereinafter discuss the question of the appropriations for school district No. 60.

It is contended by the defendants that the trial court erred in overruling the demurrer to the second amended petition. That demurrer was based upon the want of legal capacity to maintain the action and the insufficiency of the allegations thereof to state a cause of action.

The brief of the defendants nowhere suggests a want of legal capacity on the part of the plaintiff to maintain the action, and we know of no reason why a school teacher does not have legal capacity to maintain an action against a school district for breach of contract.

The error, if any, in overruling the demurrer on the second ground cannot be raised on this appeal, for the reason that at the conclusion of the trial the court granted the plaintiff permission, and she amended the second amended petition to conform to the proof. It was discretionary on the part of the trial court as to whether that amendment should have been permitted. Gearhardt v. Moulder, 85 Okla. 200, 205 Pac. 141. We find no abuse of discretion shown by the record.

While the defendants objected to the amendment being made, they did not demur to the petition as amended, they did not ask the court to render judgment on the pleadings, or ask for a continuance of the cause, and they permitted the court to render judgment on the evidence without further objection.

We think that the error, if any, was waived by the subsequent conduct of the defendants, except as to school district No. 60, and that as to that defendant the error was immaterial, as we will hereinatfer point out.

It is contended by the defendants that the trial court was in error in rendering judgment against school district No. 60 for the reason that that school district ceased to exist as a legal entity prior to the time that the suit was filed. That error was harmless, for the reason that a judgment against a school district may be collected only from the funds of that district, and since that district has ceased to exist and will have no funds, it is immaterial whether the plaintiff has judgment against it or not.

It is contended by the defendants that the trial court erred in holding that a legal contract had been entered into between the plaintiff and the defendants.

The record in this case shows that prior to June 30, 1927, a petition for annexation of the territory comprising school district No. 60 with consolidated school district No. 3 was filed with the county superintendent of public instruction. Notice thereof was given and on the 22nd day of July, 1927, the county superintendent of public instruction made an order disorganizing school district No. 60 and attaching the property comprising the same to consolidated school district No. 3. An appeal from that order was taken to the board of county commissioners, who confirmed and approved the or-

der of the county superintendent of public instruction on August 18, 1927.

The three members of the school board of school district No. 60 met at the home of one of the members for the purpose of discussing the employment of the plaintiff as a teacher for school district No. 60. There is some conflict in the evidence as to the purpose of that meeting, the date on which it was held, and whether or not it conformed to the rule stated in Board of Ed. of Town of Carney v. News-Dispatch Printing & Auditing Co., 117 Okla. 226, 245 Pac. 884, School District v. Bath, 120 Okla. 204, 250 Pac. 1003, and the other cases cited.

Under the well-established rule, there being a conflict in the competent evidence, this court is bound by the determination of the trial court and must say that a contract was executed on the 5th day of July, 1927, between school district No. 60 and the plaintiff, on the advice and with the consent of the county superintendent of public instruction, and thereafter approved by that officer, and that it constituted a legal and binding contract between school district No. 60 and the plaintiff.

It is not necessary for this court to determine the question of the right of appeal from the order of the county superintendent of public instruction for the reason that, by stipulation of the parties to this action, "school district No. 60 was attached to and became a part of consolidated district No. 3 on the 18th day of August, 1927."

It is contended by the defendants that the judgment of the trial court is not sustained by sufficient evidence.

The rule adopted and followed by this court is that judgment of the trial court in a law case tried by a court without a jury will not be reversed where there is any competent evidence reasonably tending to support the same. This record shows competent evidence reasonably tending to support the judgment of the trial court, and that judgment will not be reversed on the ground of insufficiency of the evidence. L. S. Cogswell Lbr. Co. v. Foltz, 135 Okla. 242, 275 Pac. 333.

It is contended by the defendants that the trial court erred in the assessment of the amount of the recovery.

The measure of plaintiff's recovery is controlled by the rule stated in Sharpless Separator Co. v. Gray, 62 Okla. 73, 161 Pac. 1074, to be as follows:

"The measure of plaintiff's recovery in an action for breach of a contract for employment is prima facie the sum stipulated to be paid by the employer for the services, but it is subject to reduction in such sums as the plaintiff has earned or might with reasonable diligence have earned during the period by securing other employment of a similar character, but the plaintiff is neither required to allege nor prove that he has been unable to secure other employment. The burden is upon the defendant to plead and prove in mitigation of damages that the plaintiff has, or might with reasonable diligence have, obtained profitable employment during the remainder of the term."

The plaintiff in this action was not permitted to perform the service required under her contract and was unable to procure other employment in the same locality. There is some testimony tending to prove that she could have obtained other employment, and that had she made application to the school board of consolidated school district No. 3, that board would have given her employment. That evidence is contradicted and this court cannot say that there was no competent evidence to sustain the judgment of the trial court.

The defendants contend that the judgment of the trial court is contrary to law.

In support thereof they call attention to a provision in the contract that provides that school district No. 60 shall not be liable for any amount of difference between the amount of the contract and the amount of the estimate made and approved. They say that, inasmuch as no estimate was approved for school district No. 60, no recovery could be had thereunder. They cite a number of cases in support of their theory, none of which are in point, as will hereinafter appear.

The record shows that the school board of school district No. 60 made its estimate of the needs for the fiscal year in question and that it was filed with the county clerk as clerk of the excise board. It further shows that thereafter the excise board refused to consider that estimate. The record further shows that the estimate for consolidated school district No. 3 was regularly approved and appropriations were made for the conduct of that school, including eight teachers for that school.

It is contended by the defendants, as a matter of law, that the failure of the plaintiff to allege and prove that an appropriation in an ample amount was made for school district No. 60 defeats plaintiff's right of recovery. We cannot so hold. The contract

made with her was valid and, to become effective, required only the making of an appropriation in the proper amount for her salary. School district No. 60 ceased to exist as a corporation prior to the time that such appropriations are ordinarily made. When consolidated school district No. 3 took over the territory theretofore comprising school district No. 60 it acquired the right to include the territory theretofore comprising school district No. 60 in its valuation for taxation purposes, but it acquired that right accompanied by a liability under the existing valid contracts of school district No. 60, among which was the contract with this plaintiff. With the approval of a proper estimate for consolidated school district No. 3 and the making of the appropriation for teachers' salaries of that district, the contract between this plaintiff and school district No. 60 became binding and effective upon consolidated school district No. 3. It thereupon became the duty of that district to comply with plaintiff's contract, and that district cannot absolve itself from liability by showing that this plaintiff did not make application to it for a contract or that it used its appropriation for teachers' salaries for the payment of other liabilities.

Under the provisions of section 10462, C. O. S. 1921, the county superintendent of public instruction is authorized, on a petition signed by a majority of the legal voters of the territory sought to be attached and by the board of directors of a consolidated district, to attach an adjacent district to a consolidated district.

Under section 10469, C. O. S. 1921, the assets and property of any disorganized district having an indebtedness shall first be applied in payment of its floating indebtedness and then its bonded indebtedness and the residue, if any, shall belong to the consolidated district. Under section 10470, C. O. S. 1921, the school property of the disorganized district shall, except as otherwise provided by the statutes, become the property of the consolidated district.

The evidence shows that there were assets of about $36 turned over to the consolidated district.

Under our view of the law with reference to the annexation of an adjacent school district to a consolidated school district, the consolidated school district becomes liable for all of the liabilities of the school district annexed save only the bonded indebtedness thereof. Where the property is annexed to the consolidated school district after the beginning of a fiscal year and prior to the approval of an estimate of the attached school district, the approval of the estimate of the consolidated school district and the making of an appropriation for the consolidated school district operate to make effective a valid school teacher's contract made with the school district annexed.

Under the facts shown by the record in this case the approval of the estimate for consolidated school district No. 3 and the making of the appropriation for that school district for teachers' salaries operated to make the plaintiff's contract effective and binding upon consolidated school district No. 3.

We find no error complained of by consolidated school district No. 3 that should cause a reversal of this judgment. For that reason, the judgment of the trial court is affirmed.

MASON, C. J., and CLARK, HEFNER, CULLISON, and SWINDALL, JJ., concur. LESTER, V. C. J., and HUNT and RILEY, JJ., absent.