## BOARD OF EDUCATION OF TOWN OF TERRAL v. CHALLEY.

No. 20468. Opinion Filed Dec. 1, 1931.

Bridges & Ivy, for plaintiff in error.

J. T. Daniel, J. L. Vertrees, and Anderson & Anderson, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Jefferson county in favor of the defendant in error, plaintiff in the trial court, against the plaintiff in error, defendant in the trial court. The defendant in error hereinafter will be referred to as the plaintiff. The plaintiff in error hereinafter will be referred to as independent school district No. 3. The plaintiff relied upon a teacher's contract with school district No. 4 of Jefferson county, and hereinafter that school district will be referred to as school district No. 4.

The plaintiff sought to recover a judgment against independent school district No. 3 for money which she alleged to be due to her for breach of a contract, which she alleged had been made by her with school district No. 4 to teach the school of school district No. 4 for a term of eight months during the fiscal year 1927-28 at a salary

of $150 per month. The contract upon which she relied was dated April 16, 1927. She asserted a liability against independent school district No. 3 on the ground that, on the 23rd day of July, 1927, the territory comprising school district No. 4 was attached to the territory comprising independent school district No. 3. Independent school district No. 3 refused to comply with the provisions of the contract asserted by the plaintiff. The plaintiff was not permitted to teach the school.

Independent school district No. 3 demurred to the plaintiff's petition and the demurrer was overruled. At the conclusion of the evidence of the plaintiff it demurred thereto and that demurrer was overruled. Independent school district No. 3 stood on its demurrer to the evidence and judgment was rendered in favor of the plaintiff, from which judgment independent school district No. 3 appealed to this court.

The record shows that a teacher's contract between the plaintiff and school district No. 4 was executed on the 16th day of April, 1927. It provided for the teaching of an eight months' school term during the fiscal year 1927-28. On the 29th day of March, 1927, the electors of school district No. 4 held a school meeting and authorized an additional rate of levy of ten mills for the fiscal year 1927-28. At the same time they passed a resolution authorizing the school board to enter into a contract with school teachers for the fiscal year 1927-28 in an amount not to exceed 80 per cent. of the income and revenue provided for the school district for the fiscal year 1927-28. The record further shows that on the 23rd day of July, 1927, the territory comprising school district No. 4 was attached to independent school district No. 3 and that no estimate of school district No. 4 for the fiscal year 1927-28 was approved by the excise board and no appropriation was made by the excise board for school district No. 4 for that fiscal year. The contract relied upon by the plaintiff was not approved by independent school district No. 3 or its officers, and independent school district No. 3 did not enter into any contract with the plaintiff.

The plaintiff contends that the school superintendent of independent school district No. 3 promised the members of the school board of school district No. 4 that the teachers' contracts entered into by school district No. 4 would be "carried out." Our attention is called to no statute or decision giving the superintendent of a school authority to bind a school district to pay for teachers' salaries. There is nothing in this record to indicate that the superintendent of the school in independent school district No. 3 had any authority to impose a liability upon independent school district No. 3.

If the contract between the plaintiff and school district No. 4 was a valid contract, independent school district No. 3 became liable to perform the same and the appropriation made for independent school district No. 3 operated to make effective the contract between the plaintiff and school district No. 4. We held to that effect in School District No. 60 of Ellis County v. Crabtree, 146 Okla. 197, 294 P. 171. Therein this court held:

"Where an adjacent school district is annexed to a consolidated school district after the beginning of a fiscal year and prior to the approval of an estimate of the attached school district, the approval of the estimate of the consolidated school district and the making of an appropriation for the consolidated school district operate to make effective a valid school teacher's contract made with the school district annexed."

"Where an adjacent school district is annexed to a consolidated school district, the consolidated school district becomes liable for all of the liabilities of the school district annexed, save only the bonded indebtedness thereof."

We are concerned with but one question: Was the contract between the plaintiff and school district No. 4 a valid contract? The contract differs from the contract that was before this court in the Crabtree Case in that that contract was found to have been executed on the 5th day of July, 1927, while the contract relied on in this case was executed on the 16th day of April, 1928. The difference in the dates is material.

The plaintiff contends that, if a contract made with a school teacher by a school board before July 1st can be made legal by a vote of the people, then the contract in the instant case is legal. We agree with that statement. Independent school district No. 3 contends that the contract relied on by the plaintiff is void, under the provisions of section 26, art. 10, of the Constitution.

The plaintiff depends on the resolution adopted by the voters of school district No. 4 and says that her contract was based upon that resolution. She says that the decisions of this court relative to teachers' contracts made before July 1st of any year, without exception, hold them to be null and void for the reason that they were made without the assent of three-fifths of the voters of the school district sought to be obligated.

The plaintiff analyzes section 26, art. 10,

supra, and states that the five things thereby required to be done to make a contract valid, "namely, one, the indebtedness must be approved by a three-fifths vote of the people of said district; two, the election by which they give their assent must be held for that purpose; three, the indebtedness voted must not exceed 5 per centum of the valuation of the taxable property to be ascertained from the last assessment for state and county purposes previous to the incurring of such indebtedness; four, an annual tax must be provided for meeting the principal and interest of such indebtedness; and fifth, the indebtedness must be paid within 25 years from the date of the said contract," were done. She is in error in that statement. The indebtedness sought to be incurred was not approved by a three-fifths vote of the voters of the district, voting at an election held for that purpose. Section 26, art. 10, supra, is a limitation and not a grant of power. State ex rel. Edwards v. Miller, 21 Okla. 448, 96 P. 747. The Legislature has not provided for an election for the approval of such an indebtedness as is asserted in this case. We know of no legislative authority therefor. While the Legislature, under the provisions of section 26, art. 10, supra, might provide for the approval of such an indebtedness by the voters of a school district, it has not done so.

Before a valid indebtedness, in excess of the income and revenue provided for the year, can be incurred, under the provisions of section 26, art. 10, supra, the school district must, before or at the time of doing so, provide for the collection of an annual tax sufficient to pay the interest on the indebtedness as it falls due and to constitute a sinking fund for the payment of the principal thereof within 25 years from the time of contracting the same. Such was not done in this case. There was no provision made for the collection of an annual tax sufficient to pay the interest on any indebtedness as it fell due and to constitute a sinking fund for the payment of the principal thereof within 25 years. The plaintiff contends that that requirement of section 26, art. 10, supra, was complied with when an excess levy was authorized under the provisions of section 9, art. 10, of the Constitution. She says that "a tax sufficient to meet the indebtedness was voted when the people by their vote adopted an excess levy of ten mills." No such thing was done. When the electors by their vote provided for an additional levy of ten mills, they did so for the purpose of providing for the support of the school during the fiscal year 1927-28, and not for the purpose of paying an indebtedness of the fiscal year

1926-27. The levy authorized by section 9, art. 10, supra, is for the support of the school during the current fiscal year and not for the paying of an indebtedness contracted during a prior fiscal year. The income and revenue provided pursuant to section 9, art. 10, supra, may not be used for the purpose of paying an indebtedness contracted during a prior fiscal year.

"Municipal indebtedness is created at the time the contract for the labor or supplies is made and not when the claim therefor is presented for payment or a warrant issued." Faught v. City of Sapulpa, 145 Okla. 164, 292 P. 15.

Under the uniform decisions of this court, indebtedness for the fiscal year 1926-27 could not have been lawfully paid from income and revenue provided for the conduct of a school for a subsequent fiscal year. A provision of section 19, art. 10, of the Constitution is that "no tax levied and collected for one purpose shall ever be devoted to another purpose." A tax levied for the conduct of a school for a current fiscal year may not be used for the payment of an indebtedness incurred by the school district during a prior fiscal year. The revenues of each year must take care of the expenses of such year and may not be used for the purpose of taking care of the expenses for any other year, unless the revenue was provided for the purpose of paying interest and to constitute a sinking fund, within the provisions of sections 26 and 28, art. 10, of the Constitution.

In School District No. 76, Creek County, v. Bath, 120 Okla. 204, 250 P. 1003, this court held:

"Where the defendant school district during one fiscal year entered into a contract which undertook to create a liability against funds of the subsequent fiscal year for services then to be performed, held, in the suit against the school district to recover damages thereunder alleged to have been sustained on account of the action of the school board in preventing the performance of the services during such subsequent year, that said contract was entered into in contravention of the intention and plain purpose of section 26, art. 10, of the Constitution, and therefore did not create a legal liability against the district"

—and said:

"It thus appears that at the time plaintiff entered into her contract with the defendant on April 12, 1924, there were no funds on hand and no approved estimate out of which the salary covered by the contract could have been paid, and the plain purpose of the contract was to bind the estimate thereafter made and approved for

the subsequent fiscal year beginning July 1, 1924, and ending July 1, 1925.

"The precise point involved here has been recently decided by this court in the case of Gentis v. Hunt, 121 Okla. 71, 247 P. 358, adversely to the contention of plaintiff. In the cited case a number of contracts exactly in the same situation as the contract in the instant case were held to be void and unenforceable."

To the same effect is Barney v. School District No. 98, 120 Okla. 303, 251 P. 737. In Board of Education, Independent School District No. 11, v. McAchran, 133 Okla. 175, 271 P. 843, this court said:

"At the time the contract was entered into, May 27, 1925, the estimate and levy for the succeeding school year had not been made. For that reason, the contract was void ab initio."

In the Bath Case this court said:

"Section 10367, C. O. S. 1921, in so far as it attempts to confer authority upon school district boards, during one fiscal year, to create, by contract, a liability against funds provided for school maintenance and support for the subsequent fiscal year for services then to be performed, is violative of the intent and purpose of section 26, art. 10, of the state Constitution, as declared in Gentis v. Hunt, supra, and other decisions of this court therein cited, and is therefore unconstitutional and void."

The plaintiff quotes from Gentis v. Hunt, Trustee, 121 Okla. 71, 247 P. 358, a statement as follows:

"From the foregoing, we are of the opinion that the contracts entered into prior to July 1, 1921, the first of the fiscal year, were void and unenforceable as against the estimate thereafter made and approved for the subsequent fiscal year beginning July 1, 1921, since there were no funds on hand and no approved estimate out of which the salaries covered by the said contracts could have been paid at the time the board of education attempted to enter into the said contracts. If, under the law, the members of a school board may, during one fiscal year, legally contract against estimates thereafter to be made and approved for subsequnt fiscal years, it follows that such members could so contract for any number of years. We do not believe such course to be lawful without the assent of three-fifths of the voters of such district as is required by the Constitution of this state."

That statement, in so far as it pertains to the effect of the assent of three-fifths of the voters of the district, was obiter dictum, as therein there was no assent of three-fifths of the voters of the district under consideration. There was no intent on the part of this court to hold that a school district could legally contract indebtedness to be paid from the income and revenue to be provided for the support of the school during subsequent fiscal years, whether with or without the assent of the electors of the district.

The contract sued on was not a valid obligation for the reason that it was in excess of the income and revenue provided for school district No. 4 for the fiscal year 1926-27, the assent of the voters of the district to the incurring thereof was not lawfully given and the voters thereof did not, before or at the time of the assent thereto, "provide for the collection of an annual tax sufficient to pay the interest on such indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof within 25 years from the time of contracting the same." In Pitts v. Allen, 138 Okla. 295, 281 P. 126, this court held:

"Where indebtedness is incurred by a city, either under the provision in section 26, art. 10, or section 27, art. 10, of the Constitution, or by judgments against the city as contemplated in section 28, Id., a compliance with the provisions in such sections constitutes a condition precedent to the authority of such city to incur the indebtedness therein authorized, or to issue bonds therein authorized, and one of the essential conditions is that the city shall annually levy a tax sufficient to pay the annual interest accruals and to create a sinking fund sufficient to pay off the principal within the time prescribed by the Constitution."

Had provision been made for the payment of interest and the creation of a sinking fund, the indebtedness so contracted could be payable from the sinking fund, but it could not be paid from the sinking fund until such time as a sinking fund had been created for that purpose. No such fund was created. The remedy of the plaintiff, under those circumstances, would have been to mandamus independent school district No. 3 or the officers thereof to make a levy for sinking fund purposes for the purpose of paying the interest on the indebtedness and to create a sinking fund for the payment of the principal of the indebtedness. In Sutton v. Kalka, 141 Okla. 233, 285 P. 1, this court held:

"Where a municipal subdivision of the state is authorized by law to create a debt of a specific character and to make provision for the payment of the principal and interest thereon by the collection of a sufficient tax, and the officers charged with said duty fail and refuse to levy and collect such tax, mandamus is the proper remedy to compel the performance of that duty."

This record shows another skillful attempt to evade the plain provisions of our Constitution and the limitations upon

public officials therein contained. Such practices have been condemned by this court and will be hereafter condemned. In Gentis v. Hunt, supra, this court said:

"Under these provisions, the various departments and agencies of government are dependent, from year to year, upon the periodical vote of the necessary funds and appropriations. In some instances this vote will come from the representatives, or agents of the people, who reflect their views regarding public expenditures, but when a debt is to cover more than one year or a period of years, it is never valid, except when approved by a vote of the electors of the particular subdivision of the state directly involved."

We now desire to add thereto that, when approved by a vote of the electors of the school district, the indebtedness may be paid only in the manner provided by sections 26 and 28, art. 10, supra, and that it may not be paid from the funds provided for the support of the school for subsequent fiscal years.

The contract relied on by the plaintiff was void and, since it was void, it was not binding upon independent school district No. 3. The trial court erred in refusing to sustain a demurrer to the evidence of the plaintiff. For that reason the judgment is reversed and the cause is remanded to the district court of Jefferson county, with directions to dismiss the action at the cost of the plaintiff.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ.. concur. CLARK, V. C. J., absent.

Note.—See under (2) 24 R. C. L. 641; R. C. L. Pocket Part, title "Schools," § 7¹. (3) 24 R. C. L. 609, 610; R. C. L. Perm. Supp. p. 5474, (11) annotation in 58 A. L. R. 117; 18 R. C. L. 286; R. C. L. Pocket Part, title "Mandamus," § 213.