### J. B. KLEIN IRON & FOUNDRY CO. v. BOARD OF COUNTY COM'RS OF CANADIAN COUNTY.

No. 25490.   Oct. 27, 1936.

Shirk, Danner & Phelps, for plaintiff in error.

S. T. Roberson, County Atty. (J. H. Everest and Jno. H. Halley, of counsel), for defendant in error.

OSBORN, V. C. J. This action was instituted in the district court of Canadian county by J. B. Klein Iron & Foundry Company, hereinafter referred to as plaintiff, against the board of county commissioners of Canadian county, hereinafter referred to as defendants. Two causes of action are stated in the petition. The first cause of action was for recovery by replevin of certain bridge materials sold and delivered to the defendant upon an alleged oral contract. In the second cause of action it was sought, in the alternative, to recover the value of said property. The cause was tried to the court and judgment was rendered in favor of defendant, from which plaintiff has appealed.

Plaintiff alleges that it is a corporation engaged in the manufacture, fabrication, and sale of bridge material and other structural iron and steel; that during the year 1932 the board of county commissioners of Canadian county was composed of Ralph Whitlock, W. H. Johnson, and R. G. Courtney; that in August, 1932, by reason of a sudden, unexpected, unusually heavy rainfall in Canadian county, a bridge located approximately one mile north and one mile west of the town of Yukon was washed out; that said bridge was in commissioner's district No. 2, from which Ralph Whitlock had been duly elected; that in order to replace said bridge as expeditiously as possible, an oral contract was made between Commissioner Whitlock and one Hugh Roberts, the agent of plaintiff, whereby plaintiff agreed to furnish certain materials with which to construct a bridge

across the stream where said bridge had been washed out, with the oral agreement and understanding that plaintiff retain title to said bridge materials until they should be paid for by Canadian county. Pursuant to said agreement plaintiff furnished to said defendant steel bridge material of the total value of $3,536. It is further alleged that after said bridge materials had been received, put in place, and used a few months, the said Whitlock informed plaintiff that the board of county commissioners would not purchase the said bridge materials and directed plaintiff to remove and take possession of said property; that on June 11, 1933, plaintiff attempted to remove and take possession of said bridge materials, but was prevented from doing so by the action of the county attorney and sheriff of Canadian county. Plaintiff prayed that a writ of replevin be issued directing the sheriff to take possession of said bridge material and deliver the same to plaintiff and upon final hearing plaintiff be adjudged to be the lawful owner of said property.

For its second cause of action plaintiff alleged the unlawful appropriation of said bridge material by defendant and prayed in the alternative for judgment in the sum of $3,536, with interest.

The evidence in this case does not support the allegations of the petition to the effect that the title of the bridge material was to remain in the plaintiff until paid for by the county. The evidence discloses that after the bridge materials had been received and put in place a number of claims were filed with the county clerk of Canadian county aggregating $1,800, each claim being less than $500. None of these claims were paid, and Commissioner Whitlock advised plaintiff that the county would be unable to pay for the materials and suggested that plaintiff retake possession thereof. The plaintiff attempted to do so, but was stopped when the county attorney procured the arrest of certain employees of plaintiff who were engaged in dismantling the bridge.

The theory upon which plaintiff seeks a reversal of the judgment of the trial court is stated in the brief as follows:

"It has never been our contention that there was any contract whatever between plaintiff in error and defendant in error for the sale and purchase of the bridge, but it is our contention, and has been all along, that inasmuch as plaintiff in error parted with valuable property, and Canadian county was the recipient thereof and put the same to valuable use, and is still using this property, defendant in error is bound both in law and honor to either pay for it or return it."

In view of the above concession by plaintiff, it will not be necessary to review at length the various provisions of the statutes relating to the power and authority of the commissioners to bind the county by a contract of purchase.

There is a general rule recognized in many jurisdictions that where, under a contract with a political subdivision of the state, which is merely invalid and not fraudulent, or malum in se, one who has furnished to a municipality or other political subdivision real or personal property, which the public fails to pay for, may recover it in specie, if recovery may be had without material injury to other property and without causing the public inconvenience other than results from depriving it of that to which it has no just claim. Annotation and authorities, 93 A. L. R. 442.

Although the right to recover property furnished to a municipality under an invalid contract which municipality failed to pay for was mentioned in some of the early opinions of this court, the exact question was not decided until the decision in the case of Fairbanks-Morse Company v. City of Geary, 59 Okla. 22, 157 P. 720, was announced. In that case there was involved a so-called lease, which in fact was a contract of sale, and which contained a stipulation that upon the failure of the "lessee" to comply with the terms of the arrangement the "lessor" might remove the property. The lessor brought a replevin action to recover the property, and the city defended upon the ground that the contract was invalid because in excess of the constitutional limitation of indebtedness and because a certain statute prohibited the purchase of property exceeding a certain valuation unless authorized by a majority vote of the electors resident in the city. In that case it was held:

"A debt which is in excess of the constitutional or statutory limit is void; and in no form can such debt be held valid upon any theory of quantum meruit, or equitable obligation. The absolute lack of power to contract such indebtedness bars every form of action and every legal device by which recovery is sought; nor will the courts aid the vendor to recover the property sold and delivered under such illegal contract."

It is evident that the theory of the court in denying a recovery of the property in that case was that the law will not lend its support to a claim founded upon a violation of law.

The rule was followed in the case of Edwards v. School District, 117 Okla. 269, 235 P. 611, 246 P. 444. However, a supplemental opinion was filed on rehearing in that case in which it was pointed out that the contract involved therein was made before statehood and prior to adoption of the Constitution (section 26, art. 10) and statutes (sections 8638, 8639, C. O. S. 1921), therefore plaintiff had a right to seek relief by recovery of the property which had not been paid for by the school district.

In the case of Board of County Commissioners of McCurtain County v. Western Bank & Office Supply Co., 122 Okla. 244, 254 P. 741, defendant in error sought recovery of the purchase price of certain furnishings for the courthouse of McCurtain county and in the alternative prayed for possession of the property and a reasonable rental value thereof. In that case it was held:

"Section 8638, C. O. S. 1921, makes all contracts which fall within its inhibition void only as to the municipality. The provisions of the section become a part of each and every such contract as completely as if written therein. He who furnishes goods, wares, and merchandise or labor under contracts, express or implied, such as in said section referred to, has only one remedy in the courts and that is a suit against the officers. This remedy being exclusive, he cannot recover the goods delivered from the municipality. He parts with the title, both legal and equitable, knowing who must pay therefor; and, at his own risk, he accepts the responsibility of the officers individually for his pay. If he does not see fit to pursue his remedy against them, he cannot recover either the value or the property from the municipality."

The decision was based upon the provisions of section 26, article 10, of the Constitution and section 8638, C. O. S. 1921 (sec. 5955, O. S. 1931), providing in effect that no liability exists against the county or any municipality thereof on any contract made in excess of the appropriation for the current fiscal year in which the contract is made. It was further pointed out that section 8639, C. O. S. 1921 (sec. 5956, O. S. 1931), makes it a crime for any officer of the county or of any municipality thereof to contract such a debt. It was further pointed out that under our Constitution and statutes the remedy was to proceed against the officers individually.

Plaintiff urges that the cases above referred to are not controlling in this case, since in those cases there were involved contracts expressly declared invalid by statute, while in the instant case there is involved only an implied contract with one member of the board of county commissioners; that no bad faith or ulterior motive is shown and that it would be inequitable and unjust to allow the county to retain the property and receive the full benefit of the use thereof without compensating plaintiff for its reasonable value. These arguments would be of impelling force in a private controversy, but are outside of the determinative and controlling issues involved herein. By the provisions of section 26, article 10, of the Constitution, no county "shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding in any year, the income and revenue provided for such year. without the assent of three-fifths of the voters thereof." By the provisions of section 5955, supra, it is declared to be unlawful for the board of county commissioners to make any contract for, incur, acknowledge, approve, allow, or authorize any indebtedness against the county, or authorize it to be done by others, in excess of the estimate made and approved by the excise board for the current fiscal year. It is further provided that any such indebtedness contracted, incurred, acknowledged, approved, allowed, or authorized in excess of the estimate shall not be a charge against the county, but may be collected by civil action from the official responsible therefor or from his bondsmen. By section 5956, supra, the violation of the preceding section is made a criminal offense and in addition provides for the forfeiture of office and removal therefrom of the official guilty of such violation. The fact that the contract involved herein was implied and not express does not constitute a reasonable basis of distinction. Such implied contract is expressly prohibited by law. Plaintiff was a party to said contract and its right of recovery is founded thereon.

"No man can come into a court of justice to seek the assistance of the law, who founds his claim upon a contravention of law." Fairbanks-Morse Company v. City of Geary, supra.

It was the purpose and policy of the Constitution and statutes to protect the taxpayers against the improvidence of public officials who are charged with the supervision and expenditure of public funds.

The authorities to which we have already referred are sufficiently conclusive to the point that plaintiff is not entitled to recover on the theory of quantum meruit.

The judgment of the trial court is affirmed.

McNEILL, C. J., and BAYLESS, BUSBY, WELCH, CORN, and GIBSON, JJ., concur.

RILEY, J., absent. PHELPS, J., disqualified and not participating.