## BRIANS v. CONSOLIDATED SCHOOL DIST. NO. 5, OKMULGEE COUNTY.

No. 28256.     May 24, 1938.

Steele & Boatman, for plaintiff in error.

E. J. Gilder, for defendant in error.

PHELPS, J. This is an action by Lee L. Brians against Consolidated School District No. 5, Okmulgee county, to recover salary alleged to be due upon a teacher's contract. In his petition, as amended, plaintiff alleged that on the 3rd day of June, 1936, he entered into a written contract with the defendant whereby he was engaged to teach school in said district for nine months, beginning August 31, 1936, at a salary of $95 per month. That the contract was approved by the county superintendent on the 3rd day of June, 1936, and that on the same date the plaintiff subscribed to the oath of allegiance as required by law:

"That said contract was ratified by the school board after July 1, 1936, upon the approval of its budget by the excise board of Okmulgee county, Okla., the exact date being unknown to said plaintiff, and said plaintiff was permitted to enter upon his duties as a teacher under said contract. Said defendant is now estopped from denying that said contract was ratified by it after the approval of said budget.

"That pursuant to said contract said plaintiff entered into his duties as a teacher, and as provided by said contract, in said district, and taught for two and one-half (2½) months. That on the 9th day of November, 1936, said plaintiff was orally ordered to leave the school grounds by the school board and by J. O. Vernon, superintendent of said school district, and was orally refused permission to return to his duties as such school teacher."

It is further alleged that the salary for services under the contract for the two months was paid, but that defendant failed and refused to pay salary for the remainder of the term. Plaintiff further alleged that he has filed claims for salary under the contract, which claims have been denied; that he was unable to find employment during the term following his dismissal and that he has been damaged in the sum of $665, for which sum he asks judgment, together with interest at 6 per cent. per annum. A copy of the contract was attached to and made a part of plaintiff's petition.

The defendant demurred to the petition as amended on the ground that the petition failed to state facts sufficient to constitute a cause of action against the defendant.

From the judgment sustaining the demurrer, plaintiff appeals.

The contract covered a term of nine consecutive months of the school year, 1936-37, said term to begin on the 31st day of August, 1936. It is the contention of the defendant that the petition shows on its face the invalidity of the contract: that under sections 5955 and 6814, O. S. 1931, the school district board was not authorized to execute a valid contract for or incur any indebtedness against the school district in excess of the estimate made and approved by the excise board for such purpose for the current fiscal year. The term of the contract was for the fiscal year beginning July 1, 1936. This court has held that contracts entered into in violation of section 5955, O. S. 1931, supra, are in violation of article 10, section 26, of the Oklahoma Constitution and are void. Gentis et al. v. Hunt, 121 Okla. 71, 247 P. 358; School Dist. No. 76 of Creek County v. Bath, 120 Okla. 204, 250 P. 1003; Dungan v. Independent School Dist. No. 39, 182 Okla. 385, 77 P.2d 1117; J. B. Klein Iron & Foundry Co. v. Board of County Commissioners of Canadian County, 178 Okla. 72, 61 P.2d 1055. In the latter case in the syllabus we said:

"Section 5955, O. S. 1931, makes all contracts which fall within its inhibition void only as to the municipality. The provisions of the section become a part of each and every such contract as completely as if written therein. He who furnishes goods, wares and merchandise or labor under contracts, express or implied, such as in said section referred to, has only one remedy in the courts, and that is a suit against the officers. * * *"

Section 6814, O. S. 1931, supra, provides:

"* * * The school district boards shall not have any authority to enter into contracts until after the beginning of the fiscal year for which said contract was entered; and no contract entered into by any school district board after the beginning of the fiscal year shall be binding upon the district until an estimate has been made and approved by the excise board for said district, but any contract entered into after the beginning of the fiscal year shall be binding upon the district unless canceled or annulled, upon the approval of an estimate by the excise board."

In Board of Education of Town of Terral v. Challey, 153 Okla. 273, 5 P.2d 747, in the syllabus we held:

"A contract between a school district and a school teacher which was entered into prior to July 1, 1927, was void and unenforceable as against the appropriation thereafter made for the conduct of the school for the fiscal year commencing July 1, 1927, and such a contract was not validated by the assent of three-fifths of the voters of the district voting in favor thereof at an election held prior to July 1, 1927."

Plaintiff contends that the rule announced in the cited cases is inapplicable to the facts in the present case for the reason that the defendant affirmatively ratified the contract by filing the same with the county superintendent on September 8, 1936, after the beginning of the fiscal year for which the service was to be rendered, and after the estimate was approved by the county excise board. Citing Anderson v. Miller, 172, Okla. 480, 45 P.2d 499; Ryan v. Humphries, 50 Okla. 343, 150 P. 1106.

From an examination of these authorities we are convinced that the cases are not controlling. In Anderson v. Miller, supra, the contract was executed by the teacher prior to the beginning of the fiscal year, but was "approved" and "ratified" by the school board after the beginning of the fiscal year. Under the facts in that case we held that the contract was valid.

In Ryan v. Humphries, supra, the contract was made in the fiscal year in which the teacher was to serve and was signed by only two members of the school board without notice to the third member. In that case we held that the contract was legal inasmuch as it was confirmed by a majority of the board at a legal meeting subsequently held. Thus, it became a valid contract legally executed and, being a legal contract, it was ratified by the board in accepting benefits obtained by virtue of the contract.

Plaintiff argues that the contract in the present case was not fully consummated until September 8, 1936, when it was filed in the office of the county superintendent pursuant to section 6814, supra, which section reads in part as follows:

"* * * The contract shall specify the wages per week or month, as agreed upon by the parties, and one copy shall be filed with the district clerk, one copy filed with such county superintendent, and one copy retained by the teacher, and the board, in conjunction with such superintendent, may dismiss such teacher or teachers for incompetency, cruelty, negligence or immorality."

In view of the condition of the record we conclude that the contention cannot be sustained. Section 9457, O. S. 1931, provides that a contract in writing takes effect upon its delivery to the party in whose favor it

is made, or his agent. The petition alleges, and the contract shows, that it was executed by the parties and approved by the county superintendent on June 3, 1936, prior to the fiscal year within which the services were to be performed. In this condition the contract was contrary to the express provisions of sections 5955 and 6814, O. S. 1931, supra, and was rendered unlawful under section 9486, O. S. 1931, and was in contravention of section 26, article 10, of the Oklahoma Constitution. We have examined additional cases cited by plaintiff in error in support of his contention, particularly Frost v. School District No. 98, Payne County, 118 Okla. 57, 246 P. 432, and Myers v. Independent School District No. 1, Comanche County, 104 Okla. 51, 230 P. 498. The cases are not controlling for the reason that they were decided prior to the enactment of chapter 34, article 2, sec. 1, S. L. 1931 (sec. 6814, O. S. 1931), prohibiting the making of teachers' contracts before the beginning of the fiscal year, and while chapter 219, art. 5, sec. 17, S. L. 1913, permitting such contracts to be made before the beginning of the fiscal year was in effect; which act was subsequently declared unconstitutional by this court in School District No. 76, Creek County, v. Bath, supra.

We indulge every reasonable presumption in favor of the validity of a contract where it may be done consistently with the law and the facts, but to sustain the present contract on the theory of ratification would be to stretch the law further than the facts justify. In the body of the opinion in Dungan v. Independent School Dist. No. 39, supra, we said:

"Since we have held herein that the contract itself is void because it attempted to create a liability against funds of subsequent fiscal years in violation of section 26, article 10, of the state Constitution, it follows that the alleged affirmative acts of the school board in permitting plaintiff to teach during the fiscal years 1932-1933 and 1933-1934 could not create a liability by ratification against the school district for the fiscal year 1934-1935. To hold otherwise would be to say that the school board could do indirectly (by ratification) what it could not do directly (by contract)."

In O'Neil Eng. Co. v. Town of Ryan, 32 Okla. 728, 124 P. 19, we said:

"Whoever deals with a municipality does so with notice of the limitations on it or its agents' powers. All are presumed to know the law, and those who contract with it, or furnish it supplies, do so with reference to the law; and if they go beyond the limitations imposed, they do so at their peril."

The judgment of the trial court is affirmed.

BAYLESS, V. C. J., and CORN, GIBSON, and HURST, JJ., concur.