Mildred King GEORGE, Plaintiff in Error,

v.

JOINT SCHOOL DISTRICT NO. 5 OF KINGFISHER COUNTY, State of Oklahoma, and the Board of Education of Lacy, Defendants in Error.

No. 37615.

Supreme Court of Oklahoma.

Oct. 29, 1957.

Hall & Graham, Tulsa, for plaintiff in error.

Shutler, Shutler & Baker, Kingfisher, for defendants in error.

JOHNSON, Justice.

Plaintiff brought this action in the District Court of Kingfisher County, Oklahoma, to recover the sum of $3,600 allegedly due her under her agreement to teach in the defendant school district for the 1955 and 1956 school year.

The court sustained a demurrer to plaintiff's petition. She elected to stand on her petition and brings this appeal.

The petition (caption omitted) and attached exhibit read as follows:

"Petition

"Comes now the plaintiff and for her cause of action against the defendant and each of them alleges and states:

"That she is a resident and citizen of Kingfisher County, Oklahoma, that she is a qualified school teacher with more than twenty years experience and holds a masters degree from Kansas University; that she was previous to June 27, 1955 approved as to qualifications by the County Superintendent of Kingfisher County, Oklahoma. That the defendant, Board of Education of Lacy, is a resident of the State of Oklahoma at all times hereinafter mentioned was in charge of the operation of public schools at Lacy, Kingfisher County Oklahoma. That the defendant, Joint School District No. 5 is a resident of the State of Oklahoma and is operated by the defendant Board of Education of Lacy.

"That on the 27th day of June, 1955, defendant, Board of Education of Lacy, met and decided to conduct two schools at Kingfisher County, Oklahoma and by resolution dated that day elected the plaintiff to serve as a teacher in the defendant's School District; that the plaintiff was further notified of said election as a copy of said resolution was delivered to her, a copy of which is attached hereto, marked Exhibit A and made a part thereof; plaintiff was further notified of said elections in oral conversation with all or some of the members of said defendant, Board of Education of Lacy, relative to the terms and conditions of her said employment.

"That as a result of said arrangements the defendants obligated themselves to pay to the plaintiff for her services, the state salary per school month, or a total of $3,600.00 for the school year, 1955–56.

"Plaintiff further states that after such election and notification and after the beginning of the fiscal year 1955–1956, funds sufficient to pay the salary of the plaintiff became available to the defendants.

"Plaintiff further states that she relied upon said election and notification by the defendants, and beginning 1955–1956 school year, plaintiff offered her services under said agreement and has ever since been willing and ready to perform such service, but that the defendant wrongfully refused to permit her to serve as afore-

said, to the damage of the plaintiff in the sum of $3,600.00.

"Wherefore plaintiff prays for judgment against the defendant for the sum of $3,600.00 and for whatever other relief may seem to the court is equitable and just and the costs of this action.

"Hall & Graham,
"By O. B. Graham, Jr.
"Attorneys for Plaintiff."
"Exhibit A
"Lacy Public Schools
"Office of the Superintendent
"Hennessey, Oklahoma
6/27/55
"To Whom It May Concern:
"In the best interest of the Lacy School and community we the Lacy Board of Education have decided on the following policy for the 1955–'56 school term of school:

"The first six grades will be kept at Dunbar for the colored children and that Mrs. George be asked to teach the school.

"That a janitor and bus driver will be hired for Dunbar school if possible.
"(sgd) Orin J. Buford
"(sgd) Norman E. Boettler
"(sgd) Ralph Phillips"

The defendant's demurrer, in substance, charged that because the plaintiff's petition did not show or allege any written teacher's contract entered into with the board of education, and approval by the County Superintendent of Schools after the beginning of the new fiscal year as required by the statutes, it did not state a cause of action in favor of the plaintiff; and contends herein that by reason thereof the order sustaining the demurrer thereto was proper.

Plaintiff asserts that our holdings in Board of Education v. Challey, 153 Okl. 273, 5 P.2d 747; School District No. 36 Logan County v. Pippin, 134 Okl. 136, 272 P. 455; School District No. 76 Creek County v. Bath, 120 Okl. 204, 250 P. 1003; and Barney v. School District No. 98, 120

Okl. 303, 251 P. 737, prior to the passage of the continuing contract of employment statute, 70 O.S.1951 § 6–1, cast doubt upon the constitutionality of any continuing contract, or any legislation that would authorize school boards to hire teachers prior to July 1, in view of the limitations placed upon school boards by Article 10, Sec. 26 of the Oklahoma Constitution; but argues that under the fifth paragraph of 70 O.S.1951 § 6–1, which provides:

"A board of education shall not have authority to enter into any contract until after the beginning of the fiscal year for which said contract is made. Provided teachers may be elected and notified of such elections before the beginning of the fiscal year and such notification shall become a legal contract if and to the extent that funds are later available according to law."

none of the above cited cases are controlling as all are based on the ground that school districts were contracting to do something which no state law authorized or required them to do, whereas under the Act quoted above, there is authority for entering into valid teachers' contracts before the first of July or the beginning of a new fiscal year, notwithstanding the referred to cases or constitutional provisions. Art. 10, Sec. 26, Okl.Const.

It is urged by the plaintiff that we should hold that the continuing contract of employment phase of the above quoted section of our statute controls the issues in this case superceding the statutory provisions of 70 O.S.1951 § 6–1, requiring a written contract and the approval of such contract by the county superintendent of schools after the beginning of the new fiscal year, under the provisions of 70 O.S.1951 § 3–4 and § 6–1.

We do not agree. However, in the absence of a contract of employment it is unnecessary to determine the applicability of the continuing contract of employment statute in effect at the time of the purported contract, 70 O.S.1951 § 6–1, quoted above, or as amended, 70 O.S.Supp.1955 § 6–1.

The plaintiff's petition herein does not show on its face, or allege any written teacher's contract of employment and approval by the county superintendent of schools as required by the statutes cited above. Under these circumstances, the petition did not state a cause of action, and the order sustaining the demurrer thereto and judgment dismissing the action was proper. 70 O.S.1951, §§ 3–4 and 6–1, supra; Smith v. School Dist. No. 1, Marshall County, 187 Okl. 184, 102 P.2d 131 and other cases hereinbefore cited.

It is unnecessary to consider other questions raised in the briefs filed herein.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.